IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| STEPHANIE GASCA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANNE PRECYTHE, *et al.*, <br><br> Defendants. | Case No. 2:17−cv−04149−SRB |

**DEFENDANTS' MOTION TO ORDER THIS CASE TO MEDIATION AND STAY ALL OTHER DEADLINES PENDING THAT MEDIATION**

Defendants move this Court to order this matter to mediation and stay any pending deadlines until completion of mediation. Defendants make this request based upon their belief that this matter can likely be resolved through mediation, and at a minimum mediation can substantially narrow the issues remaining for the Court to determine. This belief is based upon the substantial corrective measures, summarized below, that Defendants have independently undertaken during the pendency of this litigation. A resolution or narrowing of the issues would be economical as related to the Court's docket, increase the efficacy of any changes implemented by Defendants, and offer Plaintiffs a remedy earlier than through any other disposition.

### Suggestions in Support

Plaintiffs' filed their Amended Class Action Complaint, (DE 23.), on October 12, 2017. A scheduling order was entered on February 23, 2018, setting a bench trial in the

Central Division commencing on April 15, 2019, and establishing other necessary deadlines. (DE 60.) Discovery closed on September 28, 2018, Dispositive Motions, *Daubert* Motions, and Motions to strike expert designations are due Thursday, December 27, 2018, and Plaintiff's filed a new Motion to Certify Class requiring a Defendants' response by December 7, 2018. This Court has continued the trial until November 18, 2019.

Plaintiffs' single count alleges Defendants are violating the United States Constitution in four identifiable ways. (DE 23, p. 37, ¶ 158). First, Plaintiffs allege that Defendants fail to screen whether parolees are required to have counsel and whether they are indigent and eligible for appointment of counsel." (DE 23, p. 37, ¶ 156.). Second, Plaintiffs allege that Defendants have failed to appoint counsel to those parolees who do qualify. (DE 23, p. 37, ¶ 156.). Third, Plaintiffs allege that Defendants notice to parolees of their rights during the parole revocation process is inadequate. (DE 23, p. 37, ¶ 157.). Finally, Plaintiffs allege that "parolees are unable to speak on their own behalf, present evidence, and cross-examine adverse witnesses" as a result of Defendants' policies, practices, and customs. . (DE 23, p. 37, ¶ 157.).

In order to address Plaintiffs' concerns and other reasons, Defendants have developed and are changing their policies and procedures beyond, in many ways, what is even arguably required by the Constitution. Defendants project February 1, 2019, as the date of the new policies' implementation. If this projected date changes, then Defendants will inform the Court of any change.

In general and among other changes, Defendants have developed new policies

allowing parolees counsel during all hearings related to the parole revocation process, and providing policies and procedures for the screening and appointment of counsel, as required by *Gagnon* and provided by Missouri law. Defendants have developed new policies simplifying and clarifying the notices given Parolees during the parole revocation process. In addition, Defendants are limiting the considerations at revocation hearings to the four-corners of the notice, including notice of any aggravating factors to the Parolee. Finally, Defendants have developed policies broadening a parolee's ability to offer substantive and mitigating evidence at a revocation hearing to include, among other things, testimony by phone and written statements.

In addition, Defendants have developed and begun implementing these changes without input from Plaintiffs. As early as May 2018, Defendants reached out to Plaintiffs regarding mediation, but Plaintiffs were reluctant to participate without agreed conditions precedent.

WHEREFORE, Defendants move this Court to order this matter to mediation and stay any pending deadlines until completion of mediation.

Respectfully submitted,

**JOSHUA D. HAWLEY**
Attorney General

By  /s/ C. Douglas Shull

C. Douglas Shull, #49893
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8108 – Telephone
(573) 751-9456 – Facsimile

doug.shull@ago.mo.gov - Email

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically served on all parties of record and filed with the court via the court's e-filing System on Thursday, December 06, 2018.

*CDS*

C. Douglas Shull, #49893