IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE GASCA, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 17-cv-04149-SRB ) |
| ANNE PRECYTHE, Director of the Missouri, Department of Corrections, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiffs' Renewed Motion for Class Certification. (Doc. #111). For the following reasons the motion is GRANTED.

### I. Background

This lawsuit challenges the parole revocation policies and procedures of the Missouri Department of Corrections and its Division of Probation and Parole. Plaintiffs allege the revocation policies and procedures violate their rights "under the Due Process Clause of the Fourteenth Amendment . . . as articulated in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) and *Morissey v. Brewer*, 408 U.S. 471 (1972)." (Doc. #113, p. 5). Plaintiffs seek prospective relief and request certification of the following class: "all adult parolees in the state of Missouri who currently face, or who in the future will face, parole revocation proceedings." (Doc. #113, p. 6). Defendants consent to certification of the proposed class.

### II. Legal Standard

Class certification is governed by Federal Rule of Civil Procedure 23 ("Rule 23"). Rule 23 requires that the proposed class satisfy all four prerequisites of Rule 23(a) and at least one of the provisions of Rule 23(b) to be certified. *Comcast Corp. v. Behrend*, 569 U.S. 27, 32 (2013);

*Blades v. Monsanto Co.*, 400 F.3d 562, 568–69 (8th Cir. 2005). Rule 23(a) contains four requirements applicable to all proposed classes: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the absent class members (adequacy). Fed. R. Civ. P. 23(a). District courts must engage in a rigorous analysis to determine whether the prerequisites of Rule 23 have been satisfied. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

Plaintiffs seek certification under Rules 23(b)(1)(A) and (b)(2). A class may be certified under Rule 23(b)(1)(A) if "prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class[.]" Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]"

### III.     Discussion

The Court has conducted a rigorous analysis and finds that the proposed class satisfies the Rule 23(a) requirements of numeorsity, commonality, typicality, and adequacy. The Court further finds that litigating class members' claims individually would "create a risk of inconsistent or varying adjudications . . . that would establish incompatible standards of conduct" for Defendants' parole revocation proceedings. Fed. R. Civ. P. 23(b)(1)(A). Moreover, Defendants' parole revocation policies and procedures "apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a

whole." Fed. R. Civ. P. 23(b)(2).  The Court also notes that Defendants filed no opposition to Plaintiffs' Renewed Motion for Class Certification, and Defendants consent to class certification.

## IV. Conclusion

Accordingly, Plaintiffs' Renewed Motion for Class Certification (Doc. #111) is GRANTED.  It is hereby

**ORDERED** that pursuant to Federal Rules of Civil Procedure 23(a), (b)(1)(A), and (b)(2), the Court certifies this matter as a class action.  The class is defined as follows:

> All adult parolees in the state of Missouri who currently face, or who in the future will face, parole revocation proceedings.

**IT IS FURTHER ORDERED** that Mildred Curren, Timothy Gallagher, Stephanie Gasca, Kenneth Hemphill, Jesse Neely, Soloman Warren, and Amber Wyse are designated as the Class Representatives.

**IT IS FURTHER ORDERED** that Locke E. Bowman, Sheila A. Bedi, and Amy E. Breihan will serve as Class Counsel.

**IT IS FURTHER ORDERED** that the parties meet and confer within fourteen (14) days to arrange a court hearing on how to proceed with the timing of class notifications.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
JUDGE STEPHEN R. BOUGH
UNITED STATES DISTRICT COURT

DATED: January 4, 2019