# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE GASCA, et al., | ) | |
| | ) | |
| on behalf of themselves and all similarly situated individuals | ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Case No. 17-cv-04149-SRB |
| | ) | |
| ANNE PRECYTHE, Director of the Missouri, Department of Corrections, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is a letter from Mason Garrett construed by the Court as a *pro se* motion to intervene. (Doc. #159). In his motion, Mr. Garrett represents that he is incarcerated, that unconstitutional acts were committed against him, and that he would like to proceed *pro se* "in regards to my own pain [and] suffering which differs from those who wish to involve me into a case that I choose to separate from[.]" (Doc. #159, p. 1). Plaintiffs and Defendants interpret Mr. Garrett's motion as a motion to intervene as class representative and both parties oppose the motion.

Plaintiffs in this class action lawsuit ("Class Members") include all adult parolees in the state of Missouri who currently face, or who in the future will face, parole revocation proceedings. Class Members claim the parole revocation process run by the Missouri Department of Corrections ("MDOC") and its Parole Board violates the due process rights of people on parole. The violations alleged include failing to provide notice of alleged parole violations and revocation decisions and failing to screen for and provide attorneys to parolees

who have a right to an attorney. Class Members seek an order from the Court directing MDOC and the Parole Board to change the way they conduct parole revocations, and to comply with the Constitution.

Counsel for the Class represents that she spoke over the phone with Mr. Garrett on June 14, 2019, at which time Mr. Garrett informed Counsel that he is no longer on parole supervision. Therefore, Class Counsel maintains that Mr. Garrett is not a Class Member. Whether Mr. Garrett is a Class Member or not, to the extent he has claims different from those of the class, as he suggests, Mr. Garrett is free to file a separate complaint with the Court. To the extent Mr. Garrett seeks to intervene as Class Representative, even if he were a Class Member, this Court would deny Mr. Garrett's request because he does not suggest that the current Class Representatives are not adequate representatives of the class. *See* Fed. R. Civ. P. 24(a) (providing that intervention is not required if "existing parties adequately represent" the proposed intervenor's interest). Further, Mr. Garrett asserts that his pain and suffering differs from that of the Class Members. Although Mr. Garrett does not describe his claims with any specificity, his assertion that his "pain and suffering" is unlike that of the Class Members suggests that he does not have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). For these reasons, Mr. Garrett's *pro se* motion to intervene (Doc. #159) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
JUDGE STEPHEN R. BOUGH
UNITED STATES DISTRICT COURT

DATED: June 28, 2019

2