STATE OF MISSOURI          )
                           )  ss
COUNTY OF OSAGE            )

## AFFIDAVIT OF CUSTODIAN PURSUANT TO SECTION 490.692 RSM0

Before me, the undersigned authority, personally appeared Dedie Troesser, who stated as follows:

My name is Dedie Troesser. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am a Custodian of Records of the Missouri Division of Probation and Parole. Attached hereto are **5 page** of records from the Missouri Division of Probation and Parole pertaining to **P3-8.2 Violation Interview**. These records are kept in the regular course of business, and it was in the regular course of business for an employee or representative with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time of the act, event, condition, opinion, or diagnosis. The records attached hereto are exact duplicates of the original.

*[signature]*
Dedie Troesser

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal this 24th day of October, 2019.

*[signature]*
Notary Public

Commission expires: 12-5-2020

```
DEBORAH L. VANCE
Notary Public - Notary Seal
STATE OF MISSOURI
County of Callaway
My Commission Expires 12/5/2020
Commission # 12624108
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MISSOURI DEPARTMENT OF CORRECTIONS
DIVISION OF PROBATION AND PAROLE

\*\* POLICY AND PROCEDURE MANUAL \*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PROCEDURE TITLE:                                    PROCEDURE NO. P3-8.2
Violation Interview

Signature on File

_Julie Kempker_                              EFFECTIVE DATE:
Division Director                                  April 1, 2019

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I. PURPOSE

This procedure provides direction on conducting violation interviews in conjunction with the preparation of a Violation Report.

A. AUTHORITY: 217.040, 217.705, 217.720, and 217.722 RSMo

B. APPLICABILITY: All divisional staff

C. SCOPE: Nothing in this procedure is intended to give a protected liberty interest to any client. This procedure is intended to guide staff actions.

II. DEFINITIONS

A. Absconder - A client under supervision whose whereabouts are unknown and who has left their residence without the permission of the supervising officer and without notifying of their whereabouts for the purpose of avoiding supervision.

B. Automated Road Book (ARB) - An electronic source of documented activities and information regarding a client.

C. Avoiding Supervision - A client who deliberately and repeatedly fails to report as directed.

D. Cautionary Statement - A statement provided to a client by an officer that informs the client prior to discussion of alleged violations: "You have the right to not make a statement and any statement made could be included in a violation report to the supervising authority."

E. Field Inter-District Violation - Investigation which requires a non-supervising district to make contact with a client in custody.

P3-8.2                   (04/19)                   Page 1 of 5
Case 2:17-cv-04149-SRB    Document 194-2    Filed 11/01/19    Page 2 of 6

F. <u>Probable Cause</u> - Information sufficient to cause a prudent person to believe the facts are probably true; having more evidence for than against.

G. <u>Violation</u> - Willful action, or inaction, which is prohibited by the supervision conditions established by the court or Parole Board.

H. <u>Violation Interview</u> - An opportunity provided to the client to make a formal statement regarding the alleged violation(s) of supervision.

I. <u>Violation Report</u> - Formal notice to the court or Parole Board that a client has failed to comply with conditions of supervision.

III. PROCEDURE

A. General Requirements

1. The officer shall interview the client within 10 business days of becoming aware of an alleged violation(s) unless preliminary hearing time frames apply. If the client is in custody on a Capias or Department of Corrections (DOC) Warrant, the client shall be interviewed within five business days of becoming aware of the client's arrest.

2. If a client is not available for a violation interview, then efforts made to contact the client shall be documented in the Automated Road book (ARB). The violation interview shall be completed as soon as the client becomes available.

3. The violation interview should be conducted at a probation and parole work location or the place of detention.

   a. Violation interviews shall not be conducted in any other location or by telephone, unless prior supervisory permission is received.

   b. When a probation client is detained outside the supervising district, divisional procedure regarding Field Inter-District Violation Requests (FIV) shall be followed.

   c. If the client is detained in the Division of Adult Institutions (DAI), then divisional procedures regarding confined board violators shal be followed.

4. When establishing probable cause that a violation(s) occurred, the client's response(s) to the alleged violation(s) shall be considered.

5. A violation interview is not required to complete a Notice of Citation.

B. Violation Interview

1. A cautionary statement shall be provided to the client prior to the violation interview.

2. If a client is in custody on a capias or DOC warrant, then the client shall be provided a copy of the:

   a. warrant, if a DOC warrant, and

   b. the Notice of Rights During the Revocation Process form (Attachment A) for explanation and signatures.

3. The client shall be offered a Preliminary Hearing as outlined in divisional procedure.

4. If a Parole Board client request to be screened for counsel, then the PPO shall screen the client for eligibility using the Counsel Eligibility Screening Instrument - Parole Cases form (Attachment B).

5. If a Parole Board client is eligible for a public defender based on the Counsel Eligibility Screening Instrument - Parole Cases form (Attachment B), then the PPO shall:

   a. assist the client in completing the Application/Affidavit for Public Defender Services and Promises to Pay form (Attachment C), and

   b. fax the completed Application/Affidavit for Public Defender Services and Promises to Pay form (Attachment C) and the Counsel Eligibility Screening Instrument - Parole Cases form (Attachment B) to the local Public Defender Office.

6. All signed forms shall be kept in the client file.

   a. If the client is processed by Reception and Diagnostic Center (RDC) staff, then the signed forms shall be faxed or scanned and emailed to the supervising district.

   b. If the Parole Board case is closed, then RDC staff shall upload the forms into the Parole Board's Automated Record through FileBound.

7. The officer shall advise the client of the specific violation(s).

8. The client shall be given the opportunity to respond to each specific violation(s).

C. Bond

   1. Parole Board and interstate cases are not eligible for bond.

2. Probation violators are eligible for bond consideration.

   a. If bond is posted, then the client shall be directed to report immediately, and shall be supervised at the appropriate level until the violation is resolved.

   b. Suspended cases are not required to report, unless otherwise ordered by the court.

D. Clients Avoiding Supervision and Absconders

In addition to the standard violation interview, the officer shall attempt to obtain the following information, with the client's responses reflected in the Violation Report:

1. the circumstances surrounding the arrest, if applicable,

2. reason(s) for avoiding supervision or absconding,

3. the client's activities since last reporting, including employment and residence,

4. other problem areas that may have developed,

5. accomplishments or significant positive events that have occurred, and

6. proposed home plan.

## IV. ATTACHMENTS/FORMS

A. Notice of Rights During the Revocation Process
B. Counsel Eligibility Screening Instrument - Parole Cases
C. Application/Affidavit for Public Defender Services and Promises to Pay

## V. REFERENCES

| | |
|---|---|
| P3-2.5 | Levels of Supervision |
| P3-5.7 | Suspended Probation Cases |
| P3-8 | Violation Process |
| P3-8.1 | Violation Investigation and Response |
| P3-8.3 | Violation Report - Format |
| P3-8.4 | Notice of Citation |
| P3-8.5 | Inter-District Violations |
| P3-8.6 | Re-Engagement and Absconder Procedures |
| P3-9 | Preliminary Hearings |
| P3-9.1 | Preliminary Hearing General Procedures |
| P5-1.6 | Supervision of Interstate Clients |

## VI. HISTORY

Original effective date:  August 1995
Revision effective date: April 2000
Revision effective date: May 22, 2003
Revision effective date: October 15, 2006
Revision effective date: July 8, 2009
Revision effective date: November 1, 2013
Revision effective date: April 1, 2019