STATE OF MISSOURI            )
                             ) ss
COUNTY OF OSAGE              )

## AFFIDAVIT OF CUSTODIAN PURSUANT TO SECTION 490.692 RSM0

Before me, the undersigned authority, personally appeared Dedie Troesser, who stated as follows:

My name is Dedie Troesser. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a Custodian of Records of the Missouri Division of Probation and Parole. Attached hereto are **2 page** of records from the Missouri Division of Probation and Parole pertaining to **Notice of Rights During the Revocation Process**. These records are kept in the regular course of business, and it was in the regular course of business for an employee or representative with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time of the act, event, condition, opinion, or diagnosis. The records attached hereto are exact duplicates of the original.

_Dedie Troesser_

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal this 24th day of October, 2019.

_Deborah L. Vance_
Notary Public

Commission expires: 12-5-2020

```
DEBORAH L. VANCE
Notary Public - Notary Seal
STATE OF MISSOURI
County of Callaway
My Commission Expires 12/5/2020
Commission # 12624108
```

# NOTICE OF RIGHTS DURING THE REVOCATION PROCESS

## YOU MAY REQUEST THAT THE DEPARTMENT OF CORRECTIONS REPRESENTATIVE READ THIS DOCUMENT TO YOU

### I. OVERVIEW OF THE PRELIMINARY AND REVOCATION HEARING PROCESS

You have been arrested and are accused of violating the terms of your supervision. Your violation report describes the violation(s) you are accused of committing. This document describes your rights during the revocation process.

You have the right to a probable cause hearing in front of an officer who will not be your Probation and Parole Officer or your Probation and Parole Officer's immediate supervisor. This is an informal proceeding and is not your final revocation hearing. The hearing officer acts as a neutral fact-finder. The hearing officer merely determines if there is probable cause to believe you violated the terms of your supervision. If probable cause is found, the Court or Parole Board may schedule a revocation hearing.

You may have a right to counsel, if you desire counsel, you are free to obtain your own attorney to represent you. If you are on Missouri probation and cannot afford an attorney, you may tell the judge you would like counsel and the court will determine your eligibility. If you are on Missouri parole, conditional release or an Interstate probation or parole case and cannot afford counsel, you may tell your Probation and Parole Officer that you would like counsel and they will determine whether you are eligible. If you are on Missouri parole, conditional release or an Interstate probation or parole case and your request for counsel is denied, you will receive a written explanation for the denial.

During a revocation hearing, the court or Parole Board will determine by preponderance of the evidence whether you violated the terms of your supervision, and if so, whether your probation or parole should be revoked.

If you are on probation, you can choose to waive the preliminary hearing.

If you are an Interstate probation or parole case, you must sign a written admission in order to waive the preliminary hearing.

If you are on parole or conditional release, you can choose to waive either or both the preliminary and/ or the revocation hearing.

### What is probable cause?

Probable cause is whether a reasonable person would think there is enough evidence to believe you may have violated the terms of supervision.

### What does preponderance of the evidence mean?

Preponderance of the evidence is whether it is more likely than not you violated the terms of supervision.

### II. AFTER INITIAL ARREST

You will receive a written copy of your alleged violation, this is called the Notice of Rights.

You have the right to waive your hearing. If you waive a preliminary hearing, this does not mean you have pled guilty to your probation or parole violation. You will still have a revocation hearing before the court or Parole Board.

If you want to have witness testimony at your preliminary hearing, you must include your witnesses' names and contact information on a separate piece of paper and give it to the PO.

### III. PRELIMINARY AND REVOCATION HEARINGS

During the preliminary hearing, you have the right to:

- Have counsel represent you, or be appointed counsel in some cases, as explained above
- Remain silent regarding any potential criminal charges. You do not have to admit to any wrongdoing and you have the right to refuse to answer any questions about your alleged violation(s)
- Tell your side of the story, if you think it will help your case
- Present witnesses, in person, or by phone through coordination with the Parole Officer.
- Ask questions of anyone who testifies at the hearing, unless the hearing officer specifically finds there is good cause for not allowing you to do so
- Present documents related to the alleged violation

If you are on probation, the judge will control when and how your revocation hearing takes place.

If you are on parole, you have the same rights at the revocation hearing that you have at the preliminary hearing. In addition, after the Parole Board makes a decision after the revocation hearing, you will receive written notice to include the evidence the Parole Board relied on in making its decision.

### IV. PAROLE BOARD REVOCATION PROCESS TIMELINES

The following timelines are designed to maintain an efficient disposition of cases and to prevent you from experiencing unnecessary incarceration due to needless delays.

After you are arrested a Probation and Parole Officer should meet with you within 5 business days.

Your preliminary hearing will occur within 10 business days of the initial interview with your Probation and Parole Officer. The Board may continue the hearing if additional information is needed.

If you are on probation, the judge will determine when you will be brought into court and if or when a revocation hearing will be scheduled.

If you are on parole, the Parole Board will hold a revocation hearing within 30 business days after return to a Reception and Diagnostic Center.

_____    _____    _____
Client Signature                   DOC Number         Date


_____                       _____
Witness Signature                                    Date


Placed in client
file.

July 3, 2019