STATE OF MISSOURI    )
                     )  ss
COUNTY OF OSAGE      )

### AFFIDAVIT OF CUSTODIAN PURSUANT TO SECTION 490.692 RSM0

Before me, the undersigned authority, personally appeared Dedie Troesser, who stated as follows.

My name is Dedie Troesser. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a Custodian of Records of the Missouri Division of Probation and Parole. Attached hereto are **16 page** of records from the Missouri Division of Probation and Parole pertaining to **P3-8.3 Violation Report - Format**. These records are kept in the regular course of business, and it was in the regular course of business for an employee or representative with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time of the act, event, condition, opinion, or diagnosis. The records attached hereto are exact duplicates of the original

_____
Dedie Troesser

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal this 24th day of October, 2019

_____
Notary Public

Commission expires: 12-5-2020

```
DEBORAH L. VANCE
Notary Public - Notary Seal
STATE OF MISSOURI
County of Callaway
My Commission Expires 12/5/2020
Commission # 12624108
```

MISSOURI DEPARTMENT OF CORRECTIONS
DIVISION OF PROBATION AND PAROLE

\*\* POLICY AND PROCEDURE MANUAL \*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PROCEDURE TITLE:  PROCEDURE NO. P3-8.3
Violation Report - Format

Signature on File
Julie Kempker
Division Director

EFFECTIVE DATE:
May 17, 2019

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I. PURPOSE

This procedure establishes the requirements for the Violation Report format, including the standards for the various types of recommendations.

A. AUTHORITY: 217.040, 217.362, 217.703, 217.785, 559.016, 559.036, 559.115, and 566.226 RSMo

B. APPLICABILITY: All divisional staff

C. SCOPE: Nothing in this procedure is intended to give a protected liberty interest to any client. This procedure is intended to guide staff actions.

II. DEFINITIONS

A. Absconder - A client under supervision who has left their residence without the permission of the supervising officer for the purpose of avoiding supervision.

B. Action Plan - A specific method or process to achieve desired results for one or more objectives.

C. Capias - A warrant issued by a criminal court which authorizes the arrest and detention of an individual.

D. Cautionary Statement - A statement provided to a client by an officer that informs the client prior to discussion of alleged violations: "You have the right to not make a statement and any statement made could be included in a violation report to the supervising authority."

E. Court Ordered Detention Sanction (CODS) - A mandatory 120 day program placement within the Division of Adult Institutions by the court as a violation response (RSMo 559.036).

F. <u>Court Ordered Detention Sanction Eligibility</u> - To be eligible for a detention sanction, the following offense and supervision criteria must be met:

1. Offense Eligibility

   a. Sentenced in the State of Missouri and on probation for a Class D or E felony or an offense listed in Chapter 579 RSMo, or an offense previously listed in Chapter 195 RSMo.

   b. Not found ineligible for a detention sanction by the court, in conjunction with one of the following underlying offenses:

      1) Involuntary Manslaughter 2nd Degree

      2) Aggravating Stalking (prior to 01/01/2017)

      3) Stalking in the 1st Degree

      4) Assault in the 2nd Degree

      5) Sexual Assault

      6) Rape in the 2nd Degree

      7) Domestic Assault 2nd Degree

      8) Assault of a Law Enforcement Officer 2nd Degree (prior to 01/01/2017)

      9) Assault in the 3rd Degree (when the victim is a special victim)

      10) Statutory Rape 2nd Degree

      11) Statutory Sodomy 2nd Degree

      12) Deviate Sexual Assault

      13) Sodomy in the 2nd Degree

      14) Sexual Misconduct Involving a Child

      15) Incest

      16) Endangering the Welfare of a Child 1st Degree –Subdivision (1) or (2) of subsection 1 of RSMo 568.045 (When the person knowingly acts in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years old; or the person knowingly engages

in sexual conduct with a person under the age of seventeen years over whom the person is a parent, guardian, or otherwise charged with the care and custody)

   17) Abuse of a Child

   18) Invasion of Privacy

   19) Felony Weapon Offenses (Chapter 571 RSMo)

2. Supervision Eligibility

   a. The following types of violations are excluded from detention sanction consideration:

      1) Absconders

      2) Laws (Found guilty, pled guilty or arrested on suspicion of any felony, Misdemeanor, or Infraction)

      3) Weapons

      4) Special conditions which prohibit victim or other contact

   b. The client is not eligible for a detention sanction if previously placed in a 120 day institutional program by the court for the same underlying offense or during the same probation term.

G. Criminogenic Needs - Risk factors, linked to criminal behavior that when addressed can impact a client's risk for recidivism. The risk factors are antisocial attitudes, antisocial peers, antisocial personality, leisure, education/employment, substance use, family and criminal history.

H. Deferred Prosecution - An agreement between a defendant and the prosecuting attorney for the defendant to complete certain requirements within a specified period of time. Once those requirements are completed, the prosecuting attorney shall dismiss the charges.

I. Dual Case -- A client who has both court and Parole Board controlled cases.

J. Earned Compliance Credit - A thirty (30) day reduction in the supervision term of eligible clients for each calendar month of supervision compliance.

K. Earned Compliance Credit Calculation - An agency computer system application that identifies cases eligible for earned compliance credit calculation and calculates earned and optimal discharge dates based on supervision compliance.

L. Earned Discharge Date - The projected discharge date based on accumulated earned compliance credits.

M. Interstate Compact Offender Tracking System (ICOTS) - The nationwide database system by which all interstate transfer of eligible clients are tracked by member states.

N. Notice of Citation - A report completed in lieu of a Violation Report.

O. Optimal Discharge Date - The projected discharge date based on accumulated earned compliance credits and the potential maximum number of compliant months that can be earned in the future.

P. Originating District - District from which a client was originally placed on probation or sentenced.

Q. Probation and Parole Interstate Compact Unit (PPICU) - The unit responsible for ensuring all clients transferred into and out of Missouri are eligible for transfer under the Interstate Compact. The unit is also responsible for relaying all official communication between states within the compact.

R. Violation - Willful action, or inaction, which is prohibited by the supervision conditions established by the court or Parole Board.

S. Violation Report - Formal notice to the court or Parole Board that a client has failed to comply with conditions of supervision.

III. PROCEDURE

A. The Violation Report (VR), as generated through the agency computer system, contains the following standard fields:

1. Type of Report

    a. Hearing Officer (HOF) - completed by a supervisor when a preliminary hearing has been held.

    b. Initial (INI) - completed when citing a client with a new violation.

    c. Inter-District (ITR) - only to be used:

        1) by the Out of District officer at the originating district when citing a dual case supervised in another state for a probation specific violation (special condition, etc.), while the case is assigned to the Probation and Parole Interstate Compact Unit (PPICU) in the agency computer system.

2) when the client is confined in the Division of Adult Institutions (DAI) with an active probation case which has not yet been transferred to the institution.

d. Off Records Case (ORI) - completed when preparing a VR on a probation case that has been suspended.

e. Supplemental (SUP) - completed when providing additional information to the court or Parole Board regarding a previously submitted violation(s).

2. Type of Violation

   Based upon the specific violation(s), multiple types of violations may be selected.

   a. Absconder (A) - when a client has been declared an absconder.

   b. Escapee (E) - when a client has escaped from an institution.

   c. Felony (F) - a violation of condition #1 for a conviction of or allegedly committing a felony.

   d. Misdemeanor (M) - a violation of condition #1 for a conviction of or allegedly committing a misdemeanor.

   e. Municipal (O) - a violation of condition #1 for a conviction of or allegedly committing a municipal offense or local ordinance violation.

   f. Technical (T) - all violations excluding condition #1 violations.

3. Conditions Violated

   Based on the specific violation(s), multiple conditions may be selected. Only conditions cited in the introduction section of the current Initial VR shall be selected.

   a. Condition #1 - Laws

   b. Condition #2 - Travel

   c. Condition #3 - Residency

   d. Condition #4 - Employment

   e. Condition #5 - Association

   f. Condition #6 - Drugs

g. Condition #7 - Weapons

   h. Condition #8 - Reporting/Directives

   i. Condition #9 - Supervision Strategies

   j. Condition #10 - Intervention Fees

   k. Condition #11 - Special Conditions

4. Recommendation

   Based upon the specific violation(s), multiple selections may occur in this field.

   a. Capias:

      A capias recommendation is made in conjunction with another recommendation, when issuance of a warrant by the sentencing court (including Interstate cases) is desired.

   b. Continuance:

      1) This recommendation is used when:

         a) the client's needs can be addressed in the community without presenting a risk to public safety,

         b) recommending short term institutional treatment placement on a Parole Board case, or

         c) recommending short term institutional treatment placement on a court case pursuant to 217.785 RSMo Missouri Post Conviction Drug Program.

      2) If a Parole Board client is in violation for a pending felony charge, then a recommendation for Continuance shall not be made until there is a final disposition in the case.

   c. Court Ordered Detention Sanction (CODS):

      1) This recommendation is used when:

         a) continuance, extension or modification, is not appropriate,

         b) the client is determined to be CODS eligible, and

c) absent the requirement to use this sanction, the client's supervision would be revoked.

2) Court action requested shall be noted in the VR header.

3) An agency warrant shall not be issued when CODS is recommended except where an identified risk has been established to the client or community.

d. Delayed Action:

This recommendation is made to allow for further investigation or assessment in the determination of a final recommendation.

1) With this type of recommendation, additional VRs, if applicable, shall reflect the status of case activity.

2) This recommendation shall not be used when the client is in custody on a department issued warrant. Any existing agency warrant issued on a court case must be cancelled if this recommendation is made. For Parole Board cases, the agency warrant shall only be cancelled after receiving the Board Staff Advisory (BSA) from the Parole Board directing the warrant cancellation.

3) If a Parole Board client is in violation for a pending felony charge, then a recommendation for Delayed Action or Revocation shall be made. A recommendation for Continuance shall not be made.

e. Extension:

This recommendation is used in conjunction with a Continuance recommendation to the court when additional supervision time is needed.

f. Revocation:

1) This recommendation is used when the client's behavior presents an immediate danger to the community, staff, or the client's own well being.

2) Revocation must be used to place a probationer in a long or short term institutional program, pursuant to 217.362 or 559.115 RSMo.

g. SIS to SES:

This recommendation is made when requesting the court to revoke a Suspended Imposition of Sentence (SIS) and impose a Suspended Execution of Sentence (SES), provided the client is not CODS eligible.

P3-8.3   (05/19)   Page 7 of 16
Case 2:17-cv-04149-SRB   Document 194-6   Filed 11/01/19   Page 8 of 17

h. Suspension:

   1) This recommendation is made to close interest in the case at the district office while allowing the court or Parole Board to retain jurisdiction.

   2) This recommendation shall not be used when a Parole Board case has 90 days or less of supervision remaining until the Optimal Discharge Date and the violation(s) is for avoiding supervision.

i. Termination of Services:

   This is only used in deferred prosecution cases to close interest in a case based on unsuccessful supervision performance.

5. Sentence Information

   Associate all applicable case(s) with the violations being cited.

6. Violation Discovered Date, Interview Date, Time and Location

   If multiple violations occur, then the date the first violation was discovered shall be used.

7. In Custody

   This field indicates the client's custody status at the time the VR is written.

8. Arrest Date

   This field indicates the client's date of arrest.

9. Violation Warrant Type

   a. Capias (C)

   b. DOC Warrant or Detainer (D)

   c. No Warrant or Detainer (N)

10. Absconder/Escapee Warrant Date

    This field is populated from information contained in the agency computer system.

11. Advised of Cautionary Statement

This field indicates whether the client has been provided the cautionary statement that any statements may be included in the VR. If a violation interview has taken place this field must be populated.

12. Given Booklet

    This field indicates whether the client has been given the Notice of Rights During the Revocation Process form (Attachment A).

13. Preliminary Hearing

    a. This field indicates the status of the preliminary hearing.

        1) Mandatory (M)

        2) Not Applicable (N)

        3) Requested (R)

        4) Waived (W)

    b. When a preliminary hearing is scheduled the following information shall be entered:

        1) date,

        2) time,

        3) place of hearing, and

        4) hearing officer name and title.

        5) Available information pertaining to all witnesses requested by the client, as well as witnesses for the state, shall be provided and include:

            a) name,

            b) relationship of the witness to the client,

            c) requested by client or state, and

            d) business or agency, if applicable.

B. Narrative

    1. Initial Violation Report

P3-8.3   (05/19)   Page 9 of 16
Case 2:17-cv-04149-SRB   Document 194-6   Filed 11/01/19   Page 10 of 17

The Initial VR shall use the roman numerals generated by the agency computer system, for the report sections described below:

a. Introduction

   This section of the report is generated by the agency computer system with the exception of special conditions being cited, which require the specific wording of the condition(s) to be typed in.

b. Particulars of Violation

   1) When the VR is based upon an arrest for a new charge, an agency warrant, or a capias, the first paragraph in this section shall include:

      a) date,

      b) time,

      c) place,

      d) basis of arrest,

      e) arresting agency, and

      f) bond status, if applicable.

   2) If the client has been arrested or charged with a new offense, then the paragraph outlining the circumstances of violation of condition #1 is to include all available information regarding:

      a) charge,

      b) court of jurisdiction,

      c) docket number,

      d) next court date, and

      e) sentence date and length of sentence.

   3) When summarizing the official circumstances of a law violation, staff shall clearly and concisely outline the circumstances of the new offense, including the arrest report number.

      a) Any individual victim(s) not known to the client should be identified by initials only in order to protect the identity of the victim(s). No

additional information which could be used to identify or locate a victim unknown to the client should be used.

    b) In domestic violence cases, the full name of the victim shall be used.

    c) In cases involving a juvenile, the officer shall use the juvenile's initials throughout the report. In cases involving multiple juveniles with the same initials, the officer shall identify each juvenile by initials plus number (i.e., A.A. #1, A.A. #2) throughout the report.

4) Information obtained from outside sources, including reports obtained through the Interstate Compact Offender Tracking System (ICOTS), shall have the source of information clearly identified.

5) The circumstances of each violation shall be included in separate paragraphs.

    a) The paragraphs outlining the circumstances of each violation shall be in the same order as the violations listed in the introduction section.

    b) When the client is an absconder or is avoiding supervision, this section shall include the following information related to re-engagement activities:

        (1) date and specific address of home visit(s) conducted,

        (2) date(s) and name(s) of significant other(s) contacted, if applicable,

        (3) date(s) and specific address of appointment letter(s) sent,

        (4) date(s) and specific phone number(s) called,

        (5) date of contact with employer, if applicable, and

        (6) any other attempts to make contact with the client.

6) The client's response to the violation(s) cited, as obtained through the violation interview, shall be entered immediately following the paragraph containing the related circumstances for the violation.

7) If someone other than the officer completing the VR conducts the violation interview, then the interviewing officer's name shall be noted prior to the client's response.

  c. Other Violations

Case 2:17-cv-04149-SRB   Document 194-6   Filed 11/01/19   Page 12 of 17

1) Initial VRs shall be selected as follows:

    a) For probation cases, all Initial VRs shall be listed, including cases in which the term of supervision is interrupted by revocation, as long as the court retains jurisdiction.

    b) For Parole Board cases, this section shall include all Initial VRs submitted from the date of the current release on parole or conditional release status.

    c) For interstate cases, this section shall include all Initial VRs submitted during the supervision period.

2) The "Recommendation" column shall be updated for all prior violations, based on the most recent recommendation.

3) The "Action Information" column shall be updated to the most recent court or Parole Board action and shall never be left blank.

4) When updating information for prior VRs, a separate paragraph shall be included after the initial listing of the VRs. The heading shall be titled "SUPPLEMENTAL INFORMATION."

    a) Reports shall be addressed in chronological order which matches the order of the related VRs.

    b) The date of the report being referenced shall be noted in the first sentence, followed by any updated information regarding the previously submitted VR.

d. Recommendation

1) If the client is available, then a recommendation other than Delayed Action or Capias/Delayed Action shall not be made until the violation interview has been conducted, unless prior approval from the supervisor is obtained.

2) The initial paragraph shall contain the recommendation to the court or Parole Board, with a brief rationale provided.

3) When a previous VR recommends Delayed Action or Revocation, any subsequent VR recommendation shall override the previous recommendation for Delayed Action or Revocation.

4) For Revocation, CODS or Termination of Services recommendations, an additional paragraph(s) shall include the following additional information:

a) An objective assessment of the client's adjustment and performance on supervision, focusing on criminogenic needs and risk to the community.

b) The following factors shall be specifically addressed:

   (1) employment,

   (2) substance use disorder,

   (3) mental health, and

   (4) violent behavior.

c) A summary of treatment programming.

d) The specific reason why community based supervision strategies are inappropriate, when recommending revocation for technical violations only.

5) For Continuance, Continuance/Extension and SIS Revoke to SES, the action plan shall be listed in numerical order and pertain directly to the violations.

6) For Suspension and Delayed Action recommendations a brief justification for the recommendation shall be included.

7) When a Missouri dual case supervised out of state has been declared an absconder by the receiving state, the recommendation shall be Capias and Revocation.

8) When a Missouri probationer is being supervised in another state and a capias is requested, the recommendation section of the VR being submitted in the agency computer system shall include the following statement:

"Pursuant to Interstate Compact Rule 5.111, which states bail or other release conditions shall not be admitted when retaking procedures have been instituted, we request the court order 'No Bond' for this case."

9) A request for the Parole Board to issue a warrant on a Parole Board case shall be included in the recommendation section.

e. Availability

1) The first paragraph shall contain the following information:

a) The client's current address. If the client is in custody, then the facility name and address shall be provided.

b) If there are any pending charges or active warrants, other than those already documented in the present report, the charge and jurisdiction shall be listed.

c) The client's current Earned and Optimal Discharge Date(s), as obtained through the Earned Compliance Credit (ECC) Calculation followed by the statement: "The current VR may extend the Optimal Discharge Date by up to 30 days." If the client is not eligible for ECC, a brief sentence outlining the reason shall be added.

d) If the client is in custody, the officer shall list the proposed home plan and make an assessment as to the viability for supervision purposes.

2) A second paragraph will be generated by the agency computer system when the preliminary hearing information is entered.

f. Signatures

Electronic signatures are required, however a signed and dated hard copy of the report does not need to be maintained in the file, unless dictated otherwise by local court practice.

2. Supplemental Violation Reports

a. The Supplemental VR is submitted to update information from a previous VR(s).

b. The report begins with a sentence that makes reference to the date(s) of the previously submitted VR(s).

c. If an arrest occurred, the circumstances surrounding the arrest shall be included.

d. A client's response(s) shall be written in the same format as used in an Initial VR.

e. If multiple VRs are pending, then one Supplemental VR shall be submitted. The writer shall use separate paragraphs discussing each report in chronological order, with a reference to the particular report.

f. A client's activities and whereabouts while an absconder or avoiding supervision shall be included.

Case 2:17-cv-04149-SRB   Document 194-6   Filed 11/01/19   Page 15 of 17

g. Only the "Recommendation" and "Availability" sections are included in this type of report.

C. Court Request for Violation Report after Receipt of a Notice of Citation (NOC)

When the court specifically requests a VR be submitted, sets a Probation Violation Hearing or issues a capias after receiving a NOC, then:

1. a violation interview shall be conducted, and

2. an Initial VR shall be completed.

3. Off Records Violation Report (ORI)

   a. The Initial VR format shall be used if a new law violation(s) with a related technical(s) is discovered.

   b. The Supplemental VR format shall be used to contain the information obtained from the violation interview if no new law violation(s) is discovered.

   c. A new technical violation(s) which occurred while the case was in suspended status shall only be documented in case notes.

## IV. ATTACHMENTS/FORMS

   A. Notice of Rights During the Revocation Process

## V. REFERENCES

   P3-2.5    Levels of Supervision
   P3-3.1    Case Summary Reports
   P3-4.7    Directives and Special Conditions
   P3-4.16   Earned Compliance Credit
   P3-5.4    Court or Parole Board Ordered Financial Obligations
   P3-5.7    Suspended Probation Cases
   P3-7.1    Warrant Procedures
   P3-8.1    Violation Investigation and Response
   P3-8.2    Violation Interview
   P3-8.4    Notice of Citation Format
   P3-8.6    Re-Engagement and Absconder Procedures
   P3-9.1    Preliminary Hearing General Procedures
   P3-9.3    Preliminary Hearing Report
   P4-1.1    Diversion Cases
   P5-1.6    Supervision of Interstate Clients
   P6-4.9    Court Report Investigation for Post Conviction Treatment and Court Ordered Detention Sanction

## VI. HISTORY

Original effective date:
Revision effective date: July 2002
Revision effective date: October 15, 2006 (combined previous P3-8.3 and P3-8.4)
Revision effective date: July 23, 3007
Revision effective date: August 28, 2012
Revision effective date: March 27, 2015
Revision effective date: September 30, 2017
Revision effective date: May 17, 2019