STATE OF MISSOURI )
) ss
COUNTY OF OSAGE )

## AFFIDAVIT OF CUSTODIAN PURSUANT TO SECTION 490.692 RSMO

Before me, the undersigned authority, personally appeared Dedie Troesser, who stated as follows:

My name is Dedie Troesser. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a Custodian of Records of the Missouri Division of Probation and Parole. Attached hereto are **8 page** of records from the Missouri Division of Probation and Parole pertaining to **P3-9.1 Preliminary Hearing General Procedures**. These records are kept in the regular course of business, and it was in the regular course of business for an employee or representative with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time of the act, event, condition, opinion, or diagnosis. The records attached hereto are exact duplicates of the original.

_Dedie Troesser_
Dedie Troesser

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal this 24th day of October, 2019.

_Deborah L. Vance_
Notary Public

Commission expires: 12-5-2020

DEBORAH L. VANCE
Notary Public - Notary Seal
STATE OF MISSOURI
County of Callaway
My Commission Expires 12/5/2020
Commission # 12624108

**EXHIBIT H**

***

MISSOURI DEPARTMENT OF CORRECTIONS
DIVISION OF PROBATION AND PAROLE

** POLICY AND PROCEDURE MANUAL **

***

PROCEDURE TITLE:  
Preliminary Hearing General Procedures

PROCEDURE NO. P3-9.1

Signature on File  
*Julie Kempker*  
Division Director

EFFECTIVE DATE:  
July 3, 2019

***

## I. PURPOSE

This procedure outlines requirements once a determination has been made that a preliminary hearing is applicable.

A. **AUTHORITY**: 217.040, 217.720, 217.722 RSMo, 14 CSR 80-4.020, 14 CSR 80-4.030 and Morrissey v Brewer 408 U.S. 471 (1972)

B. **APPLICABILITY**: All divisional staff

C. **SCOPE**: Nothing in this procedure is intended to give a protected liberty interest to any client. This procedure is intended to guide staff actions.

## II. DEFINITIONS

A. <u>Bifurcated Hearing</u> - A single hearing on the part of the court which granted probation combining the preliminary and final revocation hearings. This one hearing shall satisfy due process if:

   1. The violation occurs within the original jurisdiction;
   2. The sentencing court is immediately available; and,
   3. The requirements of due process are afforded the client.

B. <u>Capias</u> - A warrant issued by a criminal court which authorizes the arrest and detention of an individual.

C. <u>Cautionary Statement</u> - A statement provided to a client by an officer that informs the client prior to discussion of alleged violations: "You have the right to not make a statement and any statement made could be included in a violation report to the supervising authority."

D. Chief Administrative Officer (CAO) - The chief administrative officer is the highest-ranking individual at the worksite, as designated below. Exception: Employees at worksites who do not report to the worksite chief administrative officer shall be accountable to the assistant division directors/central office section heads who are in their chain of command.

   1. Division Director
   2. Assistant Division Director
   3. Deputy Division Director
   4. Regional Administrator
   5. Superintendent (as applicable)
   6. District Administrator

E. Chief Law Enforcement Official (CLEO) - The county sheriff, chief of police or other public official responsible for enforcement of criminal laws within a county or city not within a county.

F. Due Process - Requires that no person be deprived of life, liberty, or property without a fair and adequate process.

G. Institutional Treatment Center (ITC) - A facility with highly structured treatment programs for court and Parole Board referred clients with emphasis placed on substance abuse treatment, relapse prevention, criminality, life skills and community release planning.

H. Hearing Officer - The hearing officer must be a supervisor but cannot be the immediate supervisor of the officer who prepared the Violation Report, nor any supervisor having been involved in decision-making, problem-solving, or investigation regarding the violation(s) in question.

I. Preliminary Hearing - A hearing to determine whether there is probable cause to believe the defendant committed the crime with which he or she is charged or that he or she violated their supervision.

J. Probable Cause - Information sufficient to cause a prudent person to believe the facts are probably true; having more evidence for than against.

K. Significant Violation - A client's failure to comply with the terms or conditions of supervision that, if occurring in the receiving state, would result in a request for revocation of supervision. This violation report shall be submitted to the sending state within 30 calendar days of discovery of the violation.

L. Suspended Probation - Court action which relieves the Department of the supervision of a case, pending final disposition by the court.

M. Violation - Willful action, or inaction, which is prohibited by the supervision conditions established by the court or Parole Board.

N. <u>Violation Interview</u> - An opportunity provided for the client to discuss violations of conditions of supervision and to work with the officer to formulate a supervision plan.

O. <u>Violation Report</u> - Formal notice to the court or Parole Board that a client has failed to comply with conditions of supervision.

P. <u>Witness</u> - A person who has knowledge of the circumstances of a case; one who testifies as to what he or she has seen, heard, otherwise observed, or has expert knowledge of. They can present information in person, by phone, or written statement.

III. PROCEDURE

   A. Violation Interview

   The Probation and Parole Officer (PPO) shall explain the purpose of the violation interview, give a cautionary statement, and provide the following documents if not in the client's possession:

   1. Notice of Rights During the Revocation Process form (Attachment A), and

   2. relevant Violation Report(s) (VR), to include all ICOTS reports pertaining to the violation(s), if applicable.

   B. Offering the Preliminary Hearing

   1. A preliminary hearing shall be offered on all outstanding violations that resulted in the client being detained on the authority of a Department of Corrections (DOC) warrant or a capias issued by the court on the following:

      a. interstate cases confined in Missouri (under active supervision or at the request of the Sending State),

      b. suspended cases,

      c. Deferred Prosecution cases, according to local court practice,

      d. a probation case where the client failed to appear for a violation hearing and a preliminary hearing had not been previously held or waived for the current violations,

      e. Parole Board cases in custody pending transportation to an Institutional Treatment Center (ITC), and

      f. if specifically requested by the Parole Board or the court as a prerequisite to a revocation hearing.

2. If a client remains in custody on a DOC warrant, and previously waived a preliminary hearing or a preliminary hearing was held and it is later determined that additional violations have occurred, then the PPO shall offer the client another preliminary hearing on the additional violations that occurred.

3. A preliminary hearing shall be offered to parole clients upon unsuccessful termination from an ITC.

4. A preliminary hearing shall be offered to a client within five business days of becoming aware of their incarceration on alleged violations.

5. A preliminary hearing is not applicable for clients in custody on a new conviction which is a violation of supervision, including interstate compact clients, as probable cause has been established by virtue of the conviction.

6. During the interview, the client shall either waive or request a preliminary hearing using the Request for or Waiver of Preliminary Hearing form (Attachment B).

7. If the client requests to waive the preliminary hearing, they shall mark the "Waive a Preliminary Hearing" section and place their initials on the Request for or Waiver of Preliminary Hearing form (Attachment B).

8. The Notice of Right to Counsel section on the Request for or Waiver of Preliminary Hearing form (Attachment B) shall be read to the client. The client can:

    a. waive legal counsel,

    b. present his or her own counsel, or

    c. if a Parole Board or Interstate Probation or Parole client, request to be screened for a public defender by the PPO, using the Counsel Eligibility Screening Instrument - Parole Cases form (Attachment C),

    d. If the Parole Board or Interstate Probation or Parole client is eligible for a public defender based on the Counsel Eligibility Screening Instrument - Parole Cases form (Attachment C), then the PPO shall:

        1) assist the client in completing the Application/Affidavit for Public Defender Services and Promise to Pay form (Attachment D), and

        2) fax the completed Application/Affidavit for Public Defender Services and Promise to Pay form (Attachment D) and the Counsel Eligibility Screening Instrument - Parole Cases form (Attachment C) to the local Public Defender Office.

9. An interstate client may only waive the preliminary hearing by completing the "Interstate Offender Statement" section of a signed Request for or Waiver of Preliminary Hearing form (Attachment B), containing a written admission to one or more violation(s).

C. Establishing the Hearing

1. The determination to hold a preliminary hearing shall involve the following:

    a. The client shall request a preliminary hearing by signing the Request for or Waiver of Preliminary Hearing form (Attachment B).

    b. If the client refuses to sign the form, the Probation and Parole Officer (PPO) shall proceed as if the client had requested a hearing. It should be noted on the waiver form that the client refused to sign.

    c. If the client is illiterate or incapable of making a written statement, then the officer may write out the statement, and have the client initial it.

2. If a hearing is to be held, then the PPO shall notify the Chief Administrative Officer (CAO)/designee to determine the date, place, time, and hearing officer.

3. The hearing officer must be a supervisor but cannot be the immediate supervisor of the officer who prepared the VR, nor any supervisor having been involved in decision-making, problem-solving, or investigation regarding the violation(s) in question.

4. When all supervisors in a district office have been involved with the violation(s) in question, it is the responsibility of the CAO/designee to locate a hearing officer to conduct the hearing.

5. Once a hearing officer has been determined, the "Notice of Preliminary Hearing" section of the Request for or Waiver of Preliminary Hearing form (Attachment B) shall be completed by the PPO.

D. Notice of Hearing

1. The Request for or Waiver of Preliminary Hearing form (Attachment B) shall be used in establishing specifics regarding the preliminary hearing.

2. The form shall indicate to the client the date, time, location of the preliminary hearing, and the hearing officer.

3. The form shall identify the condition(s) violated by name, number, and a brief statement describing each violation.

4. All outstanding violations shall be noted on the form, regardless if they were included on the warrant.

5. The notice of the preliminary hearing shall be delivered to the client in the most expedient way possible.

6. A copy of the related VR(s) shall be attached to the notice, if not previously delivered.

7. The notice shall be provided to the client no less than 48 hours prior to the preliminary hearing.

E. Time Frame

1. While the setting of the date of the hearing conducted by the agency is negotiable between the PPO and the hearing officer, it shall not exceed 10 business days from the date of the initial violation interview.

    a. The hearing shall be scheduled regardless of the client's location, and

    b. Regardless of the client's decision to request counsel.

2. The preliminary hearing shall not be held any earlier than 48 hours to allow the client to contact witnesses, prepare documents, or provide other evidence which would be of benefit at the time of the hearing.

3. A preliminary hearing shall only be rescheduled in rare circumstances. However, such rescheduling shall not exceed five business days.

4. As the preliminary hearing should be held at or reasonably near the place of the alleged violation(s) or arrest(s), every effort shall be made to conduct the hearing prior to the client being transported to a reception and diagnostic center.

5. It is the responsibility of the CAO/designee to establish an agreement with the Chief Law Enforcement Officer to retain custody of the client to allow for the hearing to be conducted within 10 business days of the initial violation interview.

F. Waiver at Hearing

If the client requests to waive the preliminary hearing, then the hearing officer shall have the client sign the Request for or Waiver of Preliminary Hearing form (Attachment B) waiving the hearing and attach the form to the hearing officer's report.

G. Court Involvement

1. The court may issue a capias based upon any alleged probation violation(s), or at the request of the prosecuting attorney.

2. If the court holds a probation violation or revocation hearing prior to the scheduled preliminary hearing, then a request shall be made to the court to conduct a bifurcated hearing, which shall satisfy due process.

3. It is the responsibility of the court to notify the client of the bifurcated hearing.

4. Once the court conducts the bifurcated hearing, the scheduled preliminary hearing is no longer needed.

H. Distribution of Forms

All signed forms will be kept in the client file.

1. If the client is processed by Reception and Diagnostic (RDC) staff, then the signed forms shall be faxed or scanned and emailed to the supervising district.

2. If the case is a closed Parole Board case, then RDC staff shall upload the forms into the Parole Board's Automated Record through FileBound.

## IV. ATTACHMENTS/FORMS

A. Notice of Rights During the Revocation Process
B. Request for or Waiver of Preliminary Hearing
C. Counsel Eligibility Screening Instrument - Parole and Interstate Cases
D. Application/Affidavit for Public Defender Services and Promise to Pay

## V. REFERENCES

| | |
|---|---|
| P3-5.7 | Suspended Probation Cases |
| P3-7.1 | Warrant Procedures |
| P3-8 | Violation Process |
| P3-8.1 | Violation Investigation and Response |
| P3-8.2 | Violation Interview |
| P3-8.3 | Violation Report - Format |
| P3-9 | Preliminary Hearings |
| P3-9.2 | Conducting the Court Preliminary Hearing |
| P3-9.3 | Preliminary Hearing Report |
| P3-9.4 | Conducting the Board Preliminary Hearing |
| P4-1.1 | Diversion Cases |
| P5-1 | Interstate Compact |
| P5-1.6 | Supervision of Interstate Clients |

## VI. HISTORY

Original effective date:
Revision effective date: November 2001
Revision effective date: August 20, 2007
Revision effective date: July 8, 2009
Revision effective date: May 2, 2011
Revision effective date: August 15, 2014
Revision effective date: March 31, 2017
Revision effective date: April 1, 2019
Revision effective date: July 3, 2019