STATE OF MISSOURI )
 ) ss
COUNTY OF OSAGE )

### AFFIDAVIT OF CUSTODIAN PURSUANT TO SECTION 490.692 RSM0

Before me, the undersigned authority, personally appeared Dedie Troesser, who stated as follows:

My name is Dedie Troesser. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a Custodian of Records of the Missouri Division of Probation and Parole. Attached hereto are **4 page** of records from the Missouri Division of Probation and Parole pertaining to **P3-9.3 Preliminary Hearing Report**. These records are kept in the regular course of business, and it was in the regular course of business for an employee or representative with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time of the act, event, condition, opinion, or diagnosis. The records attached hereto are exact duplicates of the original.

*Dedie Troesser*

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal this 24th day of October 2019.

*Deborah L. Vance*
Notary Public

Commission expires: 12-5-2020

DEBORAH L. VANCE
Notary Public - Notary Seal
STATE OF MISSOURI
County of Callaway
My Commission Expires 12/5/2020
Commission # 12624108

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MISSOURI DEPARTMENT OF CORRECTIONS
DIVISION OF PROBATION AND PAROLE

\*\* POLICY AND PROCEDURE MANUAL \*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PROCEDURE TITLE:                                        PROCEDURE NO. P3-9.3
Preliminary Hearing Report

Signature on File
_Julie Kempker_
Division Director                                           EFFECTIVE DATE:
                                                                April 1, 2019
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I. PURPOSE

This procedure establishes the expectations for hearing officers when completing a Preliminary Hearing report.

A. AUTHORITY: 217.040, 217.720, 217.722, 549.500 and 559.125 RSMo

B. APPLICABILITY: All divisional staff

C. SCOPE: Nothing in this procedure is intended to give a protected liberty interest to any client. This procedure is intended to guide staff actions.

II. DEFINITIONS

A. Adverse Witness - A witness whose testimony is offered against the opposing party.

B. Cautionary Statement - A statement provided to a client by an officer that informs the client prior to discussion of alleged violations: "You have the right to not make a statement and any statement made could be included in a violation report to the supervising authority."

C. Preliminary Hearing - A hearing to determine whether there is probable cause to believe the defendant committed the crime with which he or she is charged or that he or she violated their supervision, to include out of state returns.

D. Probable Cause - Information sufficient to cause a prudent person to believe the facts are probably true; having more evidence for than against.

E. Revocation Hearing - An administrative and/or judicial hearing to determine if a person's probation or parole status should be taken away.

F. Testimony - Statements given by a witness.

G. Violation - Willful action, or inaction, which is prohibited by the supervision conditions established by the Court or Board.

H. Witness - A person who has knowledge of the circumstances of a case; one who testifies as to what he or she has seen, heard, otherwise observed, or has expert knowledge of. The witness can provide information in person, by phone, or by written statement.

III. PROCEDURE

A. The hearing officer's report shall be prepared within two business days after completion of the preliminary hearing and sent to the court, Parole Board or sending state regardless of the findings.

B. The client shall be given a copy of the hearing officer's report.

C. The report shall be delivered to the client in person, or sent by US Postal mail and distributed as outlined in divisional procedure.

D. The Violation Report (VR) shall be created in the agency computer, selecting the Type of Report as Hearing Officer (HOF). Once the necessary identifying information is entered, the following format shall be followed:

1. Introduction

    a. The introduction shall include the date, time, and location of the preliminary hearing.

    b. All witnesses shall be listed in order of appearance and indicate whether they were a client's witness or an adverse witness.

    c. Letters and other documents which have been presented by the client as evidence shall also be listed.

        1) These shall be attached to the original report and distributed.

        2) Copies of the documents shall be placed in the client's file.

    d. The hearing officer's report shall state if the client acknowledged receipt of the VR(s) prior to the preliminary hearing being conducted.

e. The hearing officer shall indicate whether a request for an attorney was made and a decision regarding their presence.

   f. The report shall state if the client was provided the cautionary statement.

2. <u>Particulars of Violation</u>

   a. The hearing officer shall address each alleged violation separately, setting out the referenced violation(s) by number and short explanation.

   b. The particulars of the violation shall be concise, however, shall provide a clear explanation of the circumstances of the violation.

   c. Each alleged violation shall be followed by a summary of the testimony or statement of the client and each witness.

   d. The report shall state if the client requested, and was given, an opportunity to cross examine any adverse witness.

   e. Should the hearing officer excuse any witness without providing testimony or allowing the client the opportunity to cross-examine the witness, the hearing officer shall thoroughly document the reason(s) in the report.

   f. Should an adverse witness not appear at the hearing, the hearing officer shall identify what efforts were made by the Probation and Parole Officer (PPO) to facilitate their appearance at the hearing.

   g. Reference shall also be made to related documents such as letters, police reports, etc., which pertain to the issue of probable cause.

3. <u>Other Violations</u>

   a. No information shall be included under this section of the Hearing Officer's Report.

   b. If other violations are discovered through testimony given by any witness or by the client, then the information shall be referred to the supervising PPO for investigation. The hearing officer shall not make reference to any additional violation(s).

4. <u>Recommendation</u>

   a. In short, narrative form, the hearing officer shall make a determination if probable cause is found for each condition cited.

   b. The hearing officer shall state the reason for their determination and indicate the evidence relied on to support the conclusion.

c. If the hearing officer does not find probable cause to believe the violation(s) occurred, the plan for release and supervision shall be included in this section.

d. No other issues are to be addressed in this section.

5. Availability

a. This category shall inform the court, Parole Board or sending state as to the client's whereabouts.

b. The client shall be instructed to report to the supervising PPO immediately if released.

E. Should the client waive the hearing at the time of the scheduled hearing, the hearing officer shall complete a report consisting only of a paragraph outlining the client's decision. The hearing officer shall have the client check the appropriate box, enter their initials and sign a Request for or Waiver of Preliminary Hearing form (Attachment A) indicating their decision to waive.

F. When processing a preliminary hearing report on an Interstate case, divisional procedure shall be followed which outline the expectations on the Interstate Compact Commission.

## IV. ATTACHMENTS/FORMS

A. Request for or Waiver of Preliminary Hearing

## V. REFERENCES

| | |
|---|---|
| P1-1.15 | Field Distribution |
| P3-8.3 | Violation Report - Format |
| P3-9.1 | Preliminary Hearing General Procedures |
| P3-9.2 | Conducting the Court Preliminary Hearing |
| P3-9.4 | Conducting the Board Preliminary Hearing |
| P5-1.6 | Supervision of Interstate Clients |

## V. HISTORY

Original effective date:
Revision effective date: January 1996
Revision effective date: August 20, 2007
Revision effective date: April 1, 2019