STATE OF MISSOURI )
) ss
COUNTY OF OSAGE )

### AFFIDAVIT OF CUSTODIAN PURSUANT TO SECTION 490.692 RSM0

Before me, the undersigned authority, personally appeared Dedie Troesser, who stated as follows:

My name is Dedie Troesser. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a Custodian of Records of the Missouri Division of Probation and Parole. Attached hereto are **7 page** of records from the Missouri Division of Probation and Parole pertaining to **P3-9.4 Conducting the Board Preliminary Hearing.** These records are kept in the regular course of business, and it was in the regular course of business for an employee or representative with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time of the act, event, condition, opinion, or diagnosis. The records attached hereto are exact duplicates of the original.

*Dedie Troesser*
Dedie Troesser

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal this 24th day of October, 2019.

*Deborah L. Vance*
Notary Public

Commission expires: 12-5-20

DEBORAH L. VANCE
Notary Public - Notary Seal
STATE OF MISSOURI
County of Callaway
My Commission Expires 12/5/2020
Commission # 12624108

MISSOURI DEPARTMENT OF CORRECTIONS
DIVISION OF PROBATION AND PAROLE

\*\* POLICY AND PROCEDURE MANUAL \*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PROCEDURE TITLE:  PROCEDURE NO. P3-9.4
Conducting the Board Preliminary Hearing

Signature on File

Division Director  EFFECTIVE DATE:
July 3, 2019

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I. PURPOSE

This procedure sets forth requirements when conducting preliminary hearings on Parole Board cases.

A. AUTHORITY: 217.040, 217.720 and 217.722 RSMo

B. APPLICABILITY: All divisional staff

C. SCOPE: Nothing in this procedure is intended to give a protected liberty interest to any client. This procedure is intended to guide staff actions.

II. DEFINITIONS

A. Adverse Witness - A witness whose relationship to the opposing party is such that his or her testimony may be prejudiced against the opposing party.

B. Automated Road Book (ARB) - An electronic source of documented activities and information regarding a client.

C. Cautionary Statement - A statement provided to a client by an officer that informs the client prior to discussion of alleged violations: "You have the right to not make a statement and any statement made could be included in a violation report to the supervising authority."

D. Preliminary Hearing - A hearing to determine whether there is probable cause to believe the defendant committed the crime with which he or she is charged or that he or she violated their supervision, to include out of state returns.

E. <u>Probable Cause</u> - Information sufficient to cause a prudent person to believe the facts are probably true; having more evidence for than against.

F. <u>Supervising Officer</u> - A probation and parole officer assigned the direct supervision of a client placed on probation or parole.

G. <u>Testimony</u> - Statements given by a witness.

H. <u>Victim</u> - A person or business who suffers direct or threatened physical, emotional or financial harm as the result of the commission or attempted commission of a crime. The term "victim" also refers to the family members of a minor, incompetent, or homicide victim.

I. <u>Violation</u> - Willful action, or inaction, which is prohibited by the supervision conditions established by the Court or Board.

J. <u>Witness</u> - A person who has knowledge of the circumstances of a case; one who testifies as to what he or she has seen, heard, otherwise observed, or has expert knowledge of. The witness can provide information in person, by phone, or written statement.

III. PROCEDURE

A. Location -

1. The location of the hearing shall be determined by the hearing officer.

2. When security of the client is questioned, custody arrangements shall be made by cooperative efforts with the sheriff, jailer, etc.

3. If at all possible, the hearing shall be held in a private setting.

B. Witnesses

The hearing officer should attempt to verify the identity of all witnesses by requesting appropriate state-issued identification.

1. Supervising Officer

    a. If the officer who submitted the violation report works within the established catchment area of the hearing, that officer shall be immediately available to the hearing officer and will be prepared to testify as a witness, if called.

    b. Testimony from officers outside the established catchment area of the hearing may be given via speaker phone if available, or may be required to travel to the hearing location.

2. Client's Witnesses

    a. The client, in addition to presenting his or her own testimony, may present documents and other evidence which relate to the violations for which they are charged.

    b. The client may present witnesses on their behalf, but such testimony must be relevant to the violations charged.

    c. Client witnesses are not to be character witnesses.

    d. If the testimony that the witness proposes to give is not relevant to the violation, then the hearing officer may exclude them from the hearing.

    e. It shall be the responsibility of the client to contact and request the appearance of any witness who will speak on their behalf.

    f. The client should be given ample opportunity by custody officials to make such contacts as necessary to assure the appearance of these witnesses at the preliminary hearing.

    g. Testimony by client witnesses may be conducted by phone if they are unable to attend the hearing.

        1) The client witness should coordinate with the local district office to participate in the hearing.

        2) Local district personnel shall ensure the identity of the client witness.

        3) Multiple client witnesses shall be placed in separate rooms while waiting to participate in the hearing.

3. Adverse Witnesses

    a. Any time a preliminary hearing is scheduled, adverse witnesses should be made available, whereas the hearing officer and client have the opportunity to confront and cross examine such witnesses.

    b. Only in extreme instances shall the hearing officer dispense with the opportunity to confront adverse witnesses. If the hearing officer determines the witness would be susceptible to risk or harm, or if potential problems with future prosecution would result, the adverse witness need not be subjected to confrontation or cross-examination by the client. The rationale for not allowing confrontation of adverse witnesses shall be documented in the Automated Road Book (ARB).

Case 2:17-cv-04149-SRB   Document 194-10   Filed 11/01/19   Page 4 of 8

c. The purpose of eliciting testimony from adverse witnesses is to preserve such for final revocation hearings, and to assist in making a determination of probable cause.

   1) Any time an adverse witness appears at a hearing, the hearing officer shall take their testimony.

   2) The client may elect not to ask questions of the adverse witness.

   3) If, at the time of the hearing, the client waives the hearing or refuses to participate, then they shall be advised that adverse witness testimony shall be taken and possibly used in a revocation hearing.

d. It is the responsibility of the probation and parole officer writing the violation report to make every effort to have these witnesses available.

e. All attempts to contact the adverse witness and obtain their cooperation should be documented and provided to the hearing officer in the event the adverse witness does not appear for the hearing.

f. Regarding new law violations, the arresting officer(s) should be informed of the value and importance of their testimony at the preliminary hearing. All available means should be exhausted to obtain their testimony (i.e., teleconference, speaker phone in district office, etc.) should they not be in the immediate area where the preliminary hearing shall take place.

g. In applicable cases, the victim(s) of the new law violation that is the subject of the hearing may attend the proceeding under the following conditions:

   1) The direct testimony of the victim(s) of the law violation is the only means to establish probable cause that a violation occurred;

      a) The prosecuting attorney's office should be consulted, as deemed necessary, to minimize potential difficulty with future prosecution of the alleged new law violation.

      b) The prosecuting attorney may be a resource in those cases where it is necessary to demonstrate to the witness that the strength of our position in the revocation process may be diminished if he/she does not appear.

   2) Conducting the hearing with the victim(s) present shall not create further risk of physical injury or mental anguish to the victim(s), or create a substantial risk of physical harm to staff, the client, or others in attendance.

P3-9.4 (07/19) Page 4 of 7
Case 2:17-cv-04149-SRB   Document 194-10   Filed 11/01/19   Page 5 of 8

3) In those cases where direct contact between the victim(s) and client cannot be accomplished under the above-noted conditions, a witnessed statement may be obtained from the victim(s) and provided to the hearing officer and client prior to the hearing.

4. Expenses

The division does not have funds to pay the expenses of any witness at a preliminary hearing nor any other expenses incurred by the client in preparation for or resulting from the hearing.

C. Attorney

1. An attorney may be present for questioning witnesses, presenting evidence and providing mitigating circumstances on the client's behalf. The attorney shall be able to present fact and mitigating witnesses and evidence.

2. If it has been determined the client lacks the mental ability to understand the proceedings, then an attorney shall be requested through the Public Defender's Office to protect the client's interest, regardless of the client's wishes.

D. Conducting the Hearing - Testimony

1. The hearing officer shall utilize the Parole Preliminary Hearing Checklist (Attachment A) during the entire hearing.

2. The hearing officer is in full control of the preliminary hearing.

3. The hearing officer shall go through the Parole Preliminary Hearing Checklist (Attachment A) with the client and provide a cautionary statement.

4. The hearing officer shall first take testimony and receive documents from the client, with only the client and the client's attorney, if applicable, present.

5. Should the hearing officer be aware of relevant information contained in police reports or official documents regarding the alleged violations, but not summarized in the violation report, the information may be addressed with the client.

6. During the examination of witnesses, the hearing officer, the client, the client's attorney and the witness being examined shall be present in the hearing room, with the exception of custody personnel when necessary.

7. After taking testimony from the client, adverse witnesses shall then be interviewed.

8. The client's witnesses shall then testify.

9. The hearing officer shall initiate questioning of the witnesses, followed by the client having an opportunity to question all witnesses.

10. The hearing officer can terminate the testimony of a witness if the testimony given becomes irrelevant, repetitious, or excessive.

E. Recess

1. Evidence and/or testimony may be presented during the hearing that, in the hearing officer's judgment, requires further clarification in order to arrive at an adequate and informed decision.

2. The hearing officer may recess the hearing for a maximum of five business days and, if so, shall direct the officer or their supervisor to make necessary contacts and present the clarified information when the hearing reconvenes.

3. The client may choose to continue the hearing without adverse testimony.

4. The hearing officer is not to personally conduct such inquiries, nor use the recess for investigation of additional violations.

F. Findings

1. The hearing officer is responsible for making a determination as to probable cause on each violation cited.

2. Findings must be made on the evidence available, as the hearing officer is not to investigate or inquire into any possible evidence after the hearing has concluded.

3. If probable cause is found on any one of the violations cited, then authority exists to hold the client in custody.

4. If the hearing officer determines that no probable cause exists on all violations cited, the hearing officer must ensure:

    a. a Parole Violator Analyst is contacted immediately to review the findings,

    b. the officer is contacted to cancel their warrant, and

    c. the hearing officer follows through on ensuring client's release from custody within 24 hours or if in DAI custody, within 72 hours.

5. In cases where probable cause is not found, the hearing officer is responsible for establishing contact with the immediate supervisor of the officer, or the District Administrator, to establish a plan for the release and supervision of the client.

a. Once established, this plan shall be documented in the Hearing Officer's Report and the Automated Road Book.

   b. It is the responsibility of the hearing officer to document this information in the agency computer system.

G. Distribution of Forms

   The Parole Preliminary Hearing Checklist (Attachment A) shall be distributed as follows:

   1. If client is processed by Reception and Diagnostic (RDC) staff, then the signed forms shall be faxed or scanned and emailed to the supervising district.

   2. If the case is closed, then RDC staff shall upload the forms into the Parole Board's Automated Record through FileBound.

   3. If the preliminary hearing is conducted by a district field office, then the forms shall be maintained in the client's file.

IV. ATTACHMENTS/FORMS

   A. Parole Preliminary Hearing Checklist

V. REFERENCES

   | | |
   |---|---|
   | P3-4.14 | Automated Road Book |
   | P3-8 | Violation Process |
   | P3-9.1 | Preliminary Hearing General Procedures |
   | P3-9.3 | Preliminary Hearing Report |

VI. HISTORY

   Original effective date:  April 1, 2019
   Revision effective date:  July 3, 2019

P3-9.4                (07/19)         Page 7 of 7
Case 2:17-cv-04149-SRB   Document 194-10   Filed 11/01/19   Page 8 of 8