STATE OF MISSOURI )
                  ) ss
COUNTY OF OSAGE   )

### AFFIDAVIT OF CUSTODIAN PURSUANT TO SECTION 490.692 RSM0

Before me, the undersigned authority, personally appeared Dedie Troesser, who stated as follows:

My name is Dedie Troesser. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am a Custodian of Records of the Missouri Division of Probation and Parole. Attached hereto are **6 page** of records from the Missouri Division of Probation and Parole pertaining to **P6-8.2 Conducting the Revocation Hearing.** These records are kept in the regular course of business, and it was in the regular course of business for an employee or representative with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time of the act, event, condition, opinion, or diagnosis. The records attached hereto are exact duplicates of the original.

Dedie Troesser

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal this 24th day of October, 2019.

Notary Public

Commission expires: 12.5-2020

DEBORAH L. VANCE
Notary Public - Notary Seal
STATE OF MISSOURI
County of Callaway
My Commission Expires 12/5/2020
Commission # 12624108

*******************************************************************

MISSOURI DEPARTMENT OF CORRECTIONS
DIVISION OF PROBATION AND PAROLE

** POLICY AND PROCEDURE MANUAL **

*******************************************************************

PROCEDURE TITLE:  
Conducting the Revocation Hearing

PROCEDURE NO. P6-8.2

Signature on File  
*Julie Kempker*  
Division Director

EFFECTIVE DATE:  
July 3, 2019

*******************************************************************

I. PURPOSE

This procedure sets forth requirements when conducting revocation hearings.

A. AUTHORITY: 217.040, 217.690, 217.720, and 217.722 RSMo

B. APPLICABILITY: All divisional staff

C. SCOPE: Nothing in this procedure is intended to give a protected liberty interest to any client. This procedure is intended to guide staff actions.

II. DEFINITIONS

A. Adverse Witness - A witness whose relationship to the opposing party is such that his or her testimony may be prejudiced against the opposing party.

B. Automated Road Book (ARB) - An electronic source of documented activities and information regarding a client.

C. Preponderance of evidence - Standard of proof that based on the facts as presented, allegation(s) are more likely than not to be true.

D. Revocation Hearing - A hearing to determine where there is probable cause to believe the client violated their supervision.

E. Testimony - Statements given by a witness.

F. Victim - A person or business who suffers direct or threatened physical, emotional or financial harm as the result of the commission or attempted commission of a crime. The term "victim" also refers to the family members of a minor, incompetent or homicide victim.

G. <u>Violation</u> - Willful action, or inaction, which is prohibited by the supervision conditions established by the Board.

H. <u>Witness</u> - A person who has knowledge of the circumstances of a case; one who testifies as to what he or she has seen, heard, otherwise observed, or has expert knowledge of. They can present information in person, by phone, or written statement.

I. <u>Witness Admonition Statement</u> - A statement provided to the client's witnesses in a revocation hearing, who are being heard over the telephone. "You are appearing today by phone as a witness in the revocation hearing for offender (insert offender name). You have represented yourself to be (insert witness name). Pursuant to state law any person who, with the purpose to deceive, knowingly makes a false witness statement to the Board, has committed the class D felony of perjury. Understanding that, is it still your desire to testify?"

## III. PROCEDURE

A. Location

1. The revocation hearing shall be held within 30 business days of the client entering a Reception and Diagnostic Center, or a Parole Board case returned for revocation.

2. When security is questioned, custody may be present at the time of the hearing.

3. The hearing shall be held in a private setting.

4. The supervisor of the Violator Unit can sit on the hearing panel; however, shall not participate in the hearing, deliberation or voting.

B. Witnesses

The hearing officer should attempt to verify the identity of all witnesses. All witnesses who appear in person are screened and allowed access by the Institution. Witnesses testifying by phone shall be provided the Witness Admonition Statement.

1. Supervising Officer

   The officer who submitted the violation report shall be immediately available via speakerphone and shall be prepared to testify as a witness, if called.

2. Client's Witnesses

Case 2:17-cv-04149-SRB   Document 194-13   Filed 11/01/19   Page 3 of 7

a. The client, in addition to presenting his or her own testimony, may present documents and other evidence which relate to the violation(s) for which they are charged or provide mitigating information as to why revocation should not occur.

b. Only one witness shall be heard at a time during the hearing, separate from other witnesses.

c. The client may present witnesses on their behalf, but such testimony must be relevant to the violation(s) charged, or provide mitigating information as to why revocation should not occur.

d. If the testimony that the witness proposes to give is not relevant to the violation(s), or if mitigating information becomes repetitive, then the hearing panel may exclude them from the hearing.

3. Adverse Witnesses

    a. Any time a revocation hearing is scheduled, adverse witnesses should be made available, whereas the hearing panel and client have the opportunity to confront and cross-examine such witnesses.

    b. Only in extreme instances shall the hearing panel dispense with the opportunity to confront adverse witnesses. If the hearing panel determines the witness would be susceptible to risk or harm, or if potential problems with future prosecution would result, the adverse witness need not be subjected to confrontation or cross-examination by the client.

    c. The purpose of eliciting testimony from adverse witnesses is to assist in making a determination of preponderance of the evidence.

        1) Any time an adverse witness appears at a hearing, the hearing panel shall take their testimony.

        2) Only one adverse witness shall be in the hearing room or on the phone at one time.

        3) The client may elect not to ask questions of the adverse witness.

    d. It is the responsibility of the Institutional PPO and Field PPO to make every effort to have adverse witnesses available.

    e. All attempts to contact the adverse witness and obtain their cooperation should be documented in the Automated Road Book (ARB) and on the hearing cover sheet and provided to the hearing panel in the event the adverse witness does not appear for the hearing.

f. Regarding a new law violation(s), the arresting officer(s) should be informed of the value and importance of their testimony at the revocation hearing. All available means should be exhausted to obtain their testimony (i.e., teleconference, speaker phone in district office, etc.) should they not be in the immediate area where the revocation hearing will take place.

g. In applicable cases, the victim(s) of the new law violation(s) that is the subject of the hearing may attend the proceeding under the following conditions:

   1) The direct testimony of the victim(s) of the law violation(s) is the only means to establish probable cause that a violation occurred;

      a) The prosecuting attorney's office should be consulted, as deemed necessary, to minimize potential difficulty with future prosecution of the alleged new law violation(s).

      b) The prosecuting attorney may be a resource in those cases where it is necessary to demonstrate to the witness that the strength of our position in the revocation process may be diminished if he or she does not appear.

   2) Conducting the hearing with the victim(s) present shall not create further risk of physical injury or mental anguish to the victim(s), or create a substantial risk of physical harm to staff, the client, or others in attendance.

   3) In those cases where direct contact between the victim(s) and client cannot be accomplished under the above-noted conditions, a witnessed statement may be obtained from the victim(s) and provided to the hearing panel and client prior to the hearing.

4. Expenses

   The division does not have funds to pay the expenses of any witness at a revocation hearing nor any other expenses incurred by the client in preparation for or resulting from the hearing.

C. Attorney

1. An attorney may be present for questioning witnesses, presenting evidence and providing mitigating circumstances on the client's behalf. The attorney shall be able to present fact and mitigating witnesses and evidence.

2. If it has been determined the client lacks the mental ability to understand the proceedings, an attorney shall be requested through the Public Defender's Office to protect the client's interest, regardless of the client's wishes.

D. Conducting the Hearing - Testimony

   1. The hearing panel is in full control of the revocation hearing.

   2. The revocation hearing is recorded and all occupants of the hearing room shall be put on record.

   3. The hearing panel shall go through the Parole Revocation Hearing Checklist (Attachment A) with the client.

   4. The hearing panel shall first take testimony and receive documents from the client, with only the client present, and the client's attorney, if applicable.

   5. Should the hearing panel be aware of relevant information contained in police reports or official documents regarding the alleged violation(s), but not summarized in the violation report, the information may be addressed with the client.

   6. During the examination of witnesses, only the hearing panel, the client, the client's attorney, if applicable, and the witness being examined shall be present in the hearing room, with the exception of custody personnel when necessary.

   7. After taking testimony from the client, adverse witnesses shall then be interviewed.

   8. The client's witnesses shall then testify. Prior to speaking to the witnesses by telephone, the hearing panel shall read the Witness Admonition Statement to them.

   9. The hearing panel shall explain the process to the witness, then the client or client's attorney shall initiate questioning of the witnesses, followed by the hearing panel having an opportunity to question all witnesses.

   10. The hearing panel can terminate the testimony of a witness if the testimony given becomes irrelevant, repetitious, or excessive.

E. Recess

   1. Evidence or testimony may be presented during the hearing that, in the hearing panels' judgment, requires further clarification in order to arrive at an adequate and informed decision.

   2. The hearing panel may recess the hearing until the next regular scheduled hearing docket and, if so, shall direct the officer or their supervisor to make necessary contacts and present the clarified information when the hearing reconvenes.

3. The client may choose to continue the hearing without adverse testimony.

4. The hearing panel is not to personally conduct such inquiries, nor use the recess for investigation of additional violations.

F. Findings

1. The hearing panel is responsible for making a determination as to preponderance of the evidence on each violation cited.

2. Findings must be made on the evidence available, as the hearing officer is not to investigate or inquire into any possible evidence after the hearing has concluded.

    a. If preponderance of the evidence is found on any one of the violation(s) cited, then authority exists to revoke the client's supervision.

    b. If the hearing panel determines that there is no preponderance of the evidence on at least one of the violations cited, then the hearing panel may order the client be reinstated on supervision.

3. The hearing panel shall review all violations, aggravating and mitigating circumstances and shall make a determination as to whether the client's parole or conditional release should be revoked.

G. All forms in the Revocation Packet will be placed into the Parole Board's Automated Record through FileBound.

## IV. ATTACHMENTS/FORMS

A. Parole Revocation Hearing Checklist

## V. REFERENCES

| | |
|---|---|
| P3-8 | Violation Process |
| P6-8.1 | Processing Parole and Conditional Release Violators |

## VI. HISTORY

Original effective date: April 1, 2019
Revision effective date: July 3, 2019