

# MISSOURI STATE PUBLIC DEFENDER
## OFFICE OF THE DIRECTOR

April 2, 2019

Ms. Anne Precythe, Director
Missouri Department of Corrections
2729 Plaza Drive
P.O. Box 236
Jefferson City, MO 65102

RE: Response to Letter of March 25, 2019

Dear Director Precythe:

I am in receipt of your letter of March 25, 2019, wherein you inform me of my obligation to represent individuals on parole who face incarceration for violating their parole.

First, on the law, please know that up until 2012, the Missouri State Public Defender (MSPD) was indeed required to "provide legal services to an eligible person . . . [w]ho is detained or charged with a violation of . . . parole." However, that language was deleted from Chapter 600.[1] As to what precipitated the change, you would actually be in a better position to know as three of the legislators who voted against MSPD representing parolees now serve on the Parole Board.[2]

What remains is MSPD's obligation to provide effective representation to poor persons who are accused of a criminal offense. But given the woeful lack of resources that I have been provided, there is a current wait list of 4,500 individuals who do not yet have legal representation despite what the constitution requires; and that does not even include the hundreds of children who go unrepresented because the Governor vetoed the one small item that the legislature recently passed for this purpose. More specifically, in the same year that your department received an increase of $45,513,030, an amount that mirrors MSPD's entire annual budget, the Governor vetoed $475,000 that would have allowed us to provide legal representation to poor children facing incarceration. That vetoed item works out to be .0104% of DOC's increase over just that one year, and that's on top of the $150 plus million increase DOC received over the past decade.

Now, that is not to say that the state is not required to provide counsel in these instances; it is. As you correctly point out, the U.S. Supreme Court requires each state to provide such representation.[3] And it

---

[1] *See* HCS HB 215 (2013), which deleted the then existing Section 600.42.4(3), RSMo. And with respect to the more general subsection you cited, to wit: that MPSD must provide legal representation to individuals "for whom the federal constitution or state constitution," (Sec. 600.042.4[6]), while I wish not to get bogged down in rules of statutory interpretation, suffice it to say that a section of general applicability always yields to more specific sections of law, such as the pre-existing Sec. 600.042.4(3), dealing with compulsory representation to those charged with a violation of their parole, which, of course, has since been deleted. And so, the argument that I am required to provide such representation under the more general statute fails.

[2] In my experience, the quickest way for a department director to get sideways with the legislature is to spend taxpayer money on things the legislature specifically told him or her not to do.

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

**EXHIBIT O**

must. Thankfully, the Supreme Court of Missouri has recognized a court's authority to appoint attorneys for this purpose. *State ex Rel. Wolff v. Ruddy*, 617 S.W.2d 64 (Mo. banc 1981). But for the reasons stated above, it just can't be us.

And so, while it brings joy to my heart to see you making arguments in favor of constitutionally required representation, I must point out that the last time you and I met, which happens to have been early in this year's budget process, I argued that if the public defender received a mere pittance of what the DOC receives every year, just in terms of increases, the DOC wouldn't have been sued in the first instance. To remedy this situation, I then suggested that you and I go see the Governor about funding. Regretfully, you took a pass.

And now, notwithstanding the foregoing, it appears to be your position, as the Director of DOC,

> who has been sued for violating the constitutional rights of those under your charge, and who has already burdened the state with legal judgments well in excess of a hundred million dollars, and who has nonetheless received an average taxpayer increase of more than $20 million in each of the past three fiscal years, and who's boss has deprived me of the ability to provide constitutionally required representation to poor children, and despite having been clearly told by the legislature to NOT provide representation to parolees,

that I should now go ahead and represent these individuals so that you can get out of a lawsuit.

If that's your position, here is mine: No.

Very truly yours,

*[signature]*

Michael Barrett
Director

1000 West Nifong
Building 7, Suite 100
Columbia, MO 65203

PHONE (573) 526-5212
FAX (573) 777-9975
E-MAIL Michael.Barrett@mspd.mo.gov
WEB SITE http://www.publicdefender.mo.gov