STATE OF MISSOURI    )
                     ) ss
COUNTY OF COLE       )

## AFFIDAVIT OF CUSTODIAN PURSUANT TO SECTION 490.692 RSMO

Before me, the undersigned authority, personally appeared Dedie Troesser, who stated as follows:

My name is Dedie Troesser. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a Custodian of Records of the Missouri Division of Probation and Parole. Attached hereto are **6 page** of records from the Missouri Division of Probation and Parole pertaining to P6-**Procedure No. 6-6.1 : Parole Decisions, September 1, 2019**. These records are kept in the regular course of business, and it was in the regular course of business for an employee or representative with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time of the act, event, condition, opinion, or diagnosis. The records attached hereto are exact duplicates of the original.

_Dedie Troesser_

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal this 26th day of November, 2019.

_Glenda A. Owens_
Notary Public

Commission expires: 10-16-23

```
GLENDA A. OWENS
Notary Public, Notary Seal
State of Missouri
Cole County
Commission # 19859120
My Commission Expires 10-16-2023
```

Case 2:17-cv-04149-SRB   Document 211-1   Filed 12/02/19   Page 1 of 7   EXHIBIT S

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MISSOURI DEPARTMENT OF CORRECTIONS
DIVISION OF PROBATION AND PAROLE

\*\* POLICY AND PROCEDURE MANUAL \*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PROCEDURE TITLE:  PROCEDURE NO. P6-6.1
Parole Decisions

Signature on File

*Julie Kempker*
Division Director

EFFECTIVE DATE:
September 1, 2019

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I. PURPOSE

This procedure establishes guidelines for the making of and distribution of decisions by the Parole Board.

A. AUTHORITY: 195.211, 195.212, 195.213, 195.214, 195.218, 195.222, 195.223, 195.291, 195.292, 195.295, 195.296, 217.040, 217.250, 217.650, 217.670, 217.690, 217.720, 556.061, 558.011, 558.016, 558.018, 558.019, 558.031, 558.041, 565.020, 569.025, 569.035, 571.015, 571.030 and 589.040 RSMo

B. APPLICABILITY: All divisional staff

C. SCOPE: Nothing in this procedure is intended to give a protected liberty interest to any client. This procedure is intended to guide staff actions.

II. DEFINITIONS

A. Automated Road Book (ARB) - An electronic source of documented activities and information regarding a client.

B. Board Action Sheet (BAS) - The form used by Parole Board Members and Parole Analysts to document their decision regarding a client's release.

C. Conditional Release - Statutorily mandated release (not discretionary parole), with a required period of supervision.

D. Conditional Release Extension - A process by which the Parole Board may remove or extend the statutory release date of a confined client.

E. <u>Hearing Panel</u> - A panel consisting of one Parole Board member and two hearing officers appointed by the Board who have decision making authority regarding parole considerations.

F. <u>Majority Parole Board</u> - A decision requiring the majority of the acting Board Members to agree regarding a client's release.

G. <u>Missouri Sex Offender Program (MoSOP)</u> - A program of treatment, education and rehabilitation for sexual offenders.

H. <u>Parole</u> - The discretionary release of a client whose term has not yet expired, with a required period of supervision.

I. <u>Parole Board</u> - The decision making body which has the authority under law to grant or deny parole and to revoke parole and conditional release for clients committed to the Missouri Department of Corrections.

J. <u>Presumptive Release Date</u> - A tentative release date set by the Parole Board.

K. <u>Rescission Hearing</u> - A hearing to determine if a change in circumstances or new information in a client's case warrants a conclusion by the Board that an earlier decision to release the client should be rescinded.

III. <u>PROCEDURE</u>

A. Parole Decision Process

1. Parole Board members and hearing panel members shall indicate the decision on the Board Action Sheet (BAS).

2. The final decision is written on the cover of the file.

3. A Notification of Board Action is prepared by Central Office (CO) and distributed to the institutional parole office.

4. The original BAS and a copy of the Notification of Board Action are maintained in the client's file.

5. The Notification of Board Action along with a Salient Factor Score Sheet, if applicable, shall be processed and delivered to the client, in person, within 10 business days from the date on the notice. The date the decision was given shall be entered into the Automated Road Book (ARB).

6. Special attention should be given to a client who is directed by the Parole Board to complete the Missouri Sex Offender Program (MoSOP).

a. At the time the institutional Probation and Parole Officer (PPO) receives a notice that a client is to be referred to MoSOP, the institutional PPO shall inform the director of MoSOP, by e-mail, of the Parole Board's decision.

b. In addition, the institutional PPO shall also notify the MoSOP case manager, and the client's current case manager, if different, that the client has been referred by the Parole Board to attend MoSOP.

7. Parole Board decisions are not public information until 10 business days after the notice is final formed in the agency computer system.

8. The institutional PPO shall be available to answer any questions regarding the decision.

B. Board Action Sheet

1. The institutional PPO shall access the BAS in the agency computer system to verify the accuracy of the Notification of Board Action decision.

2. The BAS is confidential and shall not be shown to the client, quoted, or revealed how individual Parole Board members or hearing panelists voted. Caution shall be taken to ensure the BAS is not accessible to anyone outside institutional parole staff.

3. The BAS may note special conditions or directives to the institutional PPO or client which must be followed unless the institutional PPO prepares a Special Report to the Parole Board requesting, and then receiving, permission to make a change. Special Conditions are not public information.

4. The BAS shall not be placed in the institutional classification file.

5. The institutional PPO shall ensure the next Parole Board action date is entered into the agency computer system.

C. Establishing a Release Date

1. The Parole Board may establish a presumptive release date.

2. The setting of a presumptive release date does not automatically ensure the client shall be released on that date.

3. The exact release date shall be dependent upon a finding by the Parole Board that the client has a continued record of good conduct, completion of mandated programs and an acceptable release plan.

D. Reconsideration Hearings

1. Reconsideration Hearings may be ordered on cases in which the Parole Board does not wish to set a release date.

2. A Reconsideration Hearing shall be conducted every one to five years at the Parole Board's discretion until a presumptive release date has been established.

E. Conditional Release Extension

1. If the conditional release date was only extended due to non completion of MoSOP, then upon receiving the MoSOP completion report:

   a. The institutional PPO shall complete a Special Report to the Parole Board requesting the conditional release date be re-established.

   b. If the original conditional release date has passed, then an ASAP Board Home and Employment Investigation (BHA) shall be initiated at the time the Special Report is submitted to the Parole Board; or

   c. if the conditional release date has not passed, then a Board Home and Employment Investigation (BHE) shall be initiated 90 days prior to the presumptive release date.

2. If the conditional release date was extended due to conduct violations, then the client can petition the Parole Board for the date to be reinstated after the client has not received a conduct violation for one year.

F. Rescission Hearings

1. In rare and unusual circumstances, the Parole Board may elect to return a client to the Reception and Diagnostic (R&D) Center for a Rescission Hearing to determine if the client's parole or conditional release should be rescinded.

2. Once the client has been returned to the R&D, the institutional PPO at the R&D shall complete a Special Report outlining the client's sentence structure, release details and additional information requested by the Parole Board to be considered at the hearing.

3. After the hearing, the Parole Board shall either continue the client on parole or conditional release supervision or rescind the original order. A Notification of Board Action shall be prepared and delivered to the client in person.

G. Appeal of Parole Decisions

1. In accordance with 217.690 RSMo, a client may appeal a hearing panel decision to deny parole or revoke parole or conditional release.

2. Majority Parole Board decisions are not appealable.

3. The Notice of Board Action shall indicate whether the decision is subject to appeal. The client may consult with the institutional PPO on all areas of concern regardless of whether or not they are appealable.

4. If the decision is appealable and the client wishes to appeal the decision, then an Appeal to Board Decision form (Attachment A) shall be given to the client by the institutional PPO.

   a. The Appeal to Board Decision form (Attachment A) shall be stamped in red ink with the name of the institutional parole office that provided the appeal form to the client.

   b. The appeal must be filed within 30 days after the decision has been received.

   c. A client is presumed to have received their decision within 10 business days of the date the notice was final formed.

   d. The appeal shall be considered by the Parole Board within 30 days of receipt of the appeal, or as soon thereafter as possible, and the client shall be advised of the Parole Board's decision as soon as the notice can be prepared and delivered.

   e. If no appeal is filed within 30 days after the client receives the original decision, then the decision shall stand as final.

   f. Conditional release date extensions may not be appealed. However, after one year of no conduct violations, the client may petition the Parole Board for restoration of the conditional release date.

      1) The client shall submit the petition to the institutional PPO where the client is housed.

      2) The institutional PPO shall review the petition.

      3) If the client meets the requirements, then the petition shall be forwarded to the Parole Board by the institutional parole office.

IV. <u>ATTACHMENTS/FORMS</u>

   A. <u>Appeal of Board Decision</u>

V. <u>REFERENCES</u>

   P6-1.1   Distribution of Parole Board Rules and Regulations
   P6-3.1   Setting of Eligibility for Parole Hearings and Grid Releases
   P6-3.2   Ineligible and Restricted Parole Cases

P7-1.11  Confidentiality/Disclosure of Client Records

## VI. HISTORY

Original effective date:
Revision effective date: 08-01-1997 (P6-6.4 Appeal procedure)
Revision effective date: 10-01-2000
Revision effective date: 11-01-2001 (P6-6.4)
Revision effective date: 11-25-2003
Revision effective date: 05-08-2012 (combined P6-6.1, P6-6.2, P6-6.3, & P6-6.4)
Revision effective date: January 23, 2015
Revision effective date: September 1, 2019