IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE GASCA, et al., | ) | |
| | ) | |
| on behalf of themselves and all similarly situated individuals, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-04149-SRB |
| | ) | |
| ANNE PRECYTHE, Director of the Missouri Department of Corrections, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss as Moot and for Failure to Join an Indispensable Party. (Doc. #194). The Court has considered the parties' arguments set forth in the briefing on the Motion and asserted at oral argument. For the following reasons, the motion is DENIED.

**I.  BACKGROUND**

This class-action lawsuit challenges the constitutionality of the parole revocation policies and procedures of the Missouri Department of Corrections ("MDOC") and its Division of Probation and Parole ("Parole Board"). Plaintiffs seek injunctive relief. Defendants have conceded that "the policies that existed at the time Plaintiffs filed their Amended Class Action complaint did not satisfy [Due Process requirements]" and that Defendants have taken "substantial corrective measures to remedy these shortcomings." (Doc. #140, p. 1). Defendants consented to entry of summary judgment in Plaintiffs' favor and, the Court granted Plaintiffs'

motion for summary judgment. Defendants now argue the claims against them should be dismissed as moot and for failure to join an indispensable party.

## II. DISCUSSION AND LEGAL STANDARDS

### A. Mootness

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a defendant may assert a "facial attack" or a "factual attack." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In this instance, Defendants assert a factual attack. Accordingly, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730. "Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal citation omitted). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at 71–72. "A case might become moot [by a defendant's voluntary conduct] if subsequent events ma[k]e it *absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal citation and quotation marks omitted) (emphasis added). "Defendants who argue mootness due to changed circumstances based on their own behavior face a heavy burden." *Charleston Hous. Auth. v. U.S. Dep't. of Agric.*, 419 F.3d 729, 740 (8th Cir. 2005).

Defendants argue dismissal pursuant to Rule 12(b)(1) is appropriate because they have completed their revisions of policies and procedures governing parole revocation proceedings and brought them into compliance with constitutional mandates. Defendants argue their voluntary conduct renders the case moot. Plaintiffs argue Defendants' policy changes do not warrant dismissal because they fail to address or cure all constitutional deficiencies.

Defendants have failed to meet their heavy burden to establish it is "absolutely clear" that Defendants' current revised policies, procedures, and forms pass constitutional muster under *Morrissey v. Brewer*, 408 U.S. 471, 480–90 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 790–92 (1973). The record supports Plaintiffs' assertion, as detailed in their suggestions in opposition to the instant motion to dismiss and in oral argument, that Defendants' revisions do not address or remedy all constitutional deficiencies in the parole revocation process. The Court also notes that Defendants themselves implicitly acknowledge a live controversy exists regarding the right to state-funded counsel when constitutionally required, as discussed in more detail below. The Court finds a controversy as to the adequacy of remedy remains extant. The Court looks forward to the parties' presentation of evidence related to Defendants' voluntary revisions of their parole revocation polices and procedures at the upcoming evidentiary hearing regarding remedy.

### B. Failure to Join

Rule 12(b)(7) permits dismissal for failure to join a party under Rule 19. Under Rule 19(a)(1)(A), "[a] person . . . must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties." Defendants argue dismissal pursuant to Rule 12(b)(7) is appropriate because Plaintiffs failed to join the Missouri Public Defender Commission (the "Commission") under Rule 19. Defendants argue the Commission is an indispensable party because the authority to provide state-funded counsel for indigent probationers and parolees rests with the Commission. Plaintiffs argue the Commission is not an indispensable party because Defendants have the authority and are legally required to appoint counsel when alleged parole or probation violators are deemed eligible for state-funded counsel.

"This is a civil rights class action [lawsuit] filed on behalf of men and women in custody, or under supervision, of the [MDOC] and who are at risk of imprisonment without adequate due process as a result of unconstitutional practices, procedures, and customs of both the MDOC and its [Parole Board] with respect to parole revocation proceedings." (Doc. #23, ¶ 1). In the Amended Class Action Complaint, Plaintiffs detailed various allegations of due process violations against Defendants, including that "Defendants systematically fail to screen parolees to determine whether they are eligible for counsel, at cost to the State, as required under *Gagnon v. Scarpelli*. They fail to appoint counsel to those parolees who do qualify." (Doc. #23, ¶ 156). In their motion for summary judgment, which Defendants did not oppose, Plaintiffs alleged Defendants were not screening for or providing State-funded counsel in compliance with *Gagnon*. (Doc. #130, ¶¶ 32–40). In response to Plaintiffs' motion for summary judgment, Defendants conceded liability for the alleged constitutional violations, stating that "the policies that existed at the time Plaintiffs filed their Amended Class Action complaint did not satisfy the requirements of *Gagnon v. Scarpelli* . . . and *Morrissey v. Brewer* . . . ." (Doc. #140, p. 1). Now, Defendants seem to argue they are not in fact liable for all the unconstitutional policy violations for which they formerly admitted liability.

Notwithstanding Defendants' apparent effort to withdraw their concession on liability, under *Gagnon*, "the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion *by the state authority charged with responsibility for administering the probation and parole system*." 411 U.S. at 790 (emphasis added). "[C]ertain cases . . . will require that the State provide at its expense counsel for indigent probationers or parolees." *Id.* Defendants cite no authority demonstrating that appointment of state-funded counsel is within the exclusive purview of the Commission.

4

Based on the foregoing, the Court finds under *Gagnon* that the Commission is not a necessary party to this lawsuit. *Gagnon* entrusts Defendants, as "the state authority charged with responsibility for administering the probation and parole system," with ensuring alleged parole violators obtain state-appointed counsel when due process so requires. *Id.* Should Defendants fail to fulfill their constitutional obligation of ensuring alleged probation or parole violators are represented by counsel when deemed constitutionally necessary according to the framework set forth in *Gagnon*, 411 U.S. at 790–97, the Court envisions various legal alternatives to illegally permitting alleged parole violators to proceed unrepresented. The Court can "accord complete relief among existing parties," Rule 19(a)(1)(A), by, for example, enjoining Defendants from proceeding with revocation hearings and reincarcerating indigent alleged parole or probation violators if such parolees or probationers are not represented by state-funded counsel when due process so requires. Accordingly, the Commission is not an indispensable party to this lawsuit.

### III. CONCLUSION

It is hereby **ORDERED** that Defendants' Motion to Dismiss as Moot and for Failure to Join an Indispensable Party (Doc. #194) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 19, 2019