# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE GASCA, et al., ) <br> on behalf of themselves and all similarly ) <br> situated individuals, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ANNE PRECYTHE, Director of the Missouri ) <br> Department of Corrections, et al., ) <br> ) <br> Defendants. ) | Case No. 17-cv-04149-SRB |

## ORDER

Before the Court is Plaintiffs' Emergency Motion for Relief Pursuant to All Writs Act. (Doc. #250). The Court has considered the parties' arguments set forth in the briefing and asserted at oral argument. For the following reasons, the motion is DENIED.

### I.     BACKGROUND

This class-action lawsuit challenges the constitutionality of the parole revocation policies and procedures of the Missouri Department of Corrections ("MDOC") and its Division of Probation and Parole ("Parole Board"). Plaintiffs represent a class of adult parolees in the state of Missouri who currently face, or who in the future will face, parole revocation proceedings. Defendants consented to entry of summary judgment in Plaintiffs' favor, and the Court granted Plaintiffs' motion for summary judgment. The parties disagree about whether Defendants have sufficiently remedied their parole revocation policies and procedures, and an evidentiary hearing on remedy was scheduled for April 9 and 10, 2020. Given the Court's inability to conduct in-person hearings due to the current COVID-19 pandemic, the evidentiary hearing has been rescheduled for June 10 and 11, 2020. Plaintiffs now request that, in the midst

of this unprecedented pandemic, the Court enter a writ of mandamus or injunction "order[ing] Defendants to halt all parole revocation proceedings, except to withdraw or cancel any pending parole warrants and parole board holds," and to release certain categories of class members on parole supervision.  (Doc. #250, ¶ 4).

## II.     LEGAL STANDARD AND DISCUSSION

Plaintiffs seek emergency relief pursuant to the All Writs Act, 28 U.S.C. § 1651, which gives the Court authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  Plaintiffs argue that given the postponement of the evidentiary hearing on remedy, this Court should, in the meantime, issue a writ or injunction ordering Defendants to halt parole revocation proceedings and release certain categories of class members[1] on parole supervision.  Plaintiffs argue such action is necessary to protect the Plaintiff class and the public from the spread of COVID-19, to protect the class's constitutional rights, and to preserve this Court's jurisdiction and ability to grant the class relief.  Defendants argue the Court does not have authority to extend its jurisdiction under the All Writs Act to order the relief Plaintiffs seek, and that issuing a writ or injunction would be improper here because the proposed relief does not relate to the claim at issue in this case.  Defendants also argue that issuing a writ would interfere with matters of traditional state control and that class members may pursue release on an individual basis pursuant to Missouri statute.

While the Court is sensitive to the extraordinary magnitude of the COVID-19 pandemic and the serious health concerns it presents, the Court finds that issuing a writ or injunction in

---

[1] Plaintiffs request the Court order release on parole supervision of the following categories of class members: "(a) all class members with conditions or characteristics which, according to the CDC, categorize them as high-risk for severe illness from COVID-19; (b) all persons held in custody and still awaiting a parole revocation decision; (c) all class members whose parole has been revoked on the basis of technical violations; (d) all class members whose parole was revoked and who have less than one year left before their release date; and (e) all class members whose parole was revoked on the basis of a laws violation based on conduct which did not result in a criminal conviction." (Doc. #250, ¶ 4).

2

Case 2:17-cv-04149-SRB   Document 261   Filed 04/15/20   Page 2 of 4

this case would amount to an improper exercise of authority under the All Writs Act. Supreme Court and Eighth Circuit precedent clearly dictates that the All Writs Act is intended for the issuance of extraordinary writs for the sole purpose of protecting a court's jurisdiction. *See Wis. Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (The All Writs Act "is to be used sparingly and only in the most critical and exigent circumstances.") (internal citations and quotation marks omitted); *Bank of America, N.A. v. UMB Fin. Servs., Inc*., 618 F.3d 906, 914–15 (8th Cir. 2010) (Under the All Writs Act, "the district court has the inherent ability *to protect its own jurisdiction* over the dispute pending before it.") (emphasis added) (internal citation omitted); *see, e.g., United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977) (finding the All Writs Act authorized a district court to compel the assistance of a telephone company to implement a court order where the company's assistance was necessary in order to effectuate the order); *United States v. Yielding*, 657 F.3d 722, 727 (8th Cir. 2011) (finding the All Writs Act authorized a temporary restraining order issued to enforce a restitution order where an asset was "at risk of disappearing absent judicial intervention").

A delay in the evidentiary hearing on remedy, while certainly unfortunate, does not deprive this Court of its jurisdiction to enforce its summary judgment order or grant relief in this case. Further, issuing a writ or injunction for the purpose of mitigating the transmission and spread of COVID-19 among class members falls outside the scope of this case. Class members remain free to move for release individually based on their individual circumstances using Missouri's established statutory procedures. *See Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) ("Although [the All Writs Act] empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.").

For these reasons, the Court is unauthorized to issue a writ or injunction granting the relief Plaintiffs seek.

## III. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiffs' Emergency Motion for Relief Pursuant to All Writs Act (Doc. #250) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 15, 2020