IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

REC'D JAN - 4 2021

STEPHANIE GASCA, et al.,           )
                                   )
            Plaintiffs,            )
                                   )
vs.                                )   Case No. 17-cv-04149 SRB
                                   )
ANNE PRECYTHE, et al.,             )
                                   )
            Defendants.            )

PLAINTIFF'S MOTION TO REOPEN EVIDENTIARY HEARING
AND FOR RECONSIDERATION OF NOVEMBER 12, 2020 OPINION

The unnamed class members were not provided notice of the June 10-11, 2020 evidentiary hearing herein or the November 12, 2020 opinion herein or the Defendants' appeal of said opinion (the author learned of these developments December 21, 2020 by searching "Gasca" in the library's computer).

It is first worth noting that the author addressed these concerns to class counsel in 2019.

P6-8.1

The Court erred in upholding P6-8.1 (final parole revocation hearing "within 30 days of parolee's return to MDOC custody"). Gasca v. Precythe, 2020 U.S. Dist. LEXIS 211934 (W.D.Mo), pp. 37-38. For the sake of clarity, P6-8.1 means the final parole revocation hearing is not provided until an alleged parole violator returns to prison. The effect of P6-8.1 is that a parolee may sit in jail for a year or two (the author waited 18 months for his most recent final parole revocation hearing), unable to bond out due to the non-bailable parole violator warrant, on a minor charge or the thinnest of cases, all because the Defendants

1

choose to wait until the alleged parole violator is returned to prison to conduct the final parole revocation hearing.

P6-8.1 contravenes Morrissey v. Brewer, 408 U.S. 471, 488 (1972) (final parole revocation hearing must be conducted within a reasonable time), and its progeny. See, e.g., Carmel v. U.S. Parole Comm'n, 489 F.Supp. 113, 114-15 (S.D.N.Y. 1980) (noting 28 U.S.C. 4214 set 90-day time limit).

Notice

Notice of the alleged parole violation consists of the parole officer's report of the alleged violation; where the parolee has been arrested for new charges, the parole officer's report almost invaritably mirrors the arrest report.

Hearing

Because Defendants lack subpoena power and the means to ferry witnesses to and from oft-distant hearings, Defendants **never** afford alleged parole violators confrontation of adverse witnesses. For these same reasons, as well as the fact that both the preliminary and final parole revocation hearings are conducted in non-public locations, i.e., inside jails and prisons, presentation of favorable witnesses is all but impossible. Consequently, the parole officer's parole violation report, usually secondhand hearsay at best, is the only "evidence" at the preliminary and final parole revocation hearings, making both hearings strickly pro forma mockeries of procedural due process, where the result, i.e., revocatrion, is never in doubt.

It is inconceivable that a court could knowingly put its imprimatur on such a farce.

WHEREFORE, Plaintiffs respectfully move the Court to re-open the evidentiary hearing to take evidence on: (1) Defendants' exclusive reliance on parole violation reports as evidence of violation of terms and/or conditions of parole; (2) Defendants' failure to afford alleged parole violators confrontation of adverse witnesses at both preliminary and final parole revocation hearings; and (3) Defendants' failure to afford alleged parole violators presentation of favorable witnesses and evidence at both preliminary and final parole revocation hearings.

FURTRHER, Plaintiffs respectfully move the Court to reconsider the Court's approval of P6-8.1 and that upon reconsideration declare that, absent extenuating circustances, e.g., parolee is incarcerated out of state, a final parole revocation hearing must be conducted within 120 days of the alleged parole violator being taken into custody for the alleged parole violation.

Respectfully submitted,

*Edward Allen Moore*
Edward Allen Moore #185492
300 E. Pedro Simmons Dr.
Charleston MO 63834

## DECLARATION OF MAILING AND SERVICE

\_\_\_ I declare under penalty of perjury I mailed first-class postage prepaid the original of the foregoing to: U.S. District Court, 222 N. John Q. Hammons Pkwy., Springfield MO 65806; and true copies of the foregoing to: Amy Elizabeth Breihan, 3115 S. Grand Blvd., #300, St. Louis Mo 63118-1046; and Doug Shull, P.O. Box 899, Jefferson City Mo 65102, this 21st day of December, 2020.

*Edward Allen Moore*
Edward Allen Moore

3