IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| STEPHANIE GASCA, *et al.*, | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | Case No. 17-4149-CV-C-SRB |
| ANNE L. PRECYTHE, *et al.*, | ) |  |
| Defendants. | ) |  |

**DEFENDANTS' REPLY SUGGESTIONS IN SUPPORT OF**
**MOTION FOR STAY PENDING APPEAL**

This Court has already stated that it would "stand down and do nothing" until the case was returned from the Eighth Circuit because of the Court's lack of jurisdiction pending appeal. Doc. 338, at 7. *Accord Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Price v. Dunn*, 139 S. Ct. 1533, 1537 (2019) (Thomas, Alito, & Gorsuch, JJ., concurring in the denial of certiorari) (until the Court of Appeals issues its mandate, the case remains in the Court of Appeals, and "any action by the district court is a nullity") (citations omitted). The Court explained that, regardless of a motion to say, it would "probably not" change its mind because it did not believe it was "very effective" for federal district courts to exercise jurisdiction while an appeal was pending. Doc. 338, at 8; *see also Griggs*, 459 U.S. at 58 ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."). This alone is enough reason for the Court to grant Defendants' stay motion pending appeal.

But other reasons support a stay pending appeal. *First*, Plaintiffs do not even address Defendants' contention that the failure to join the Missouri Public Defender Commission ("Public

Defender") in this action is one of several reasons Defendants are likely to prevail on appeal. *Compare* Doc. 337, at 1-2, *with* Doc. 339, at 2-4.

*Second*, Plaintiffs' argument via footnote—that the Public Defender need not be joined because Defendants, including the Director of Corrections, are agents of the State and, therefore, were acting on behalf of the Public Defender, Doc. 339, at 4 n.2—is simply without merit because, not only is the argument facially unsupported by the case law they cite, but also, taken to its logical extreme, their argument means that they could sue, for example, the Missouri Department of Labor and Industrial Relations to obtain a judgment against the Missouri Department of Corrections ("Department") for alleged constitutional violations. That conclusion is untenable; Missouri state agencies are creatures of statute that possess only those powers conferred to them by statute. *See, e.g.*, *State ex rel. MoGas Pipeline, LLC v. Missouri Pub. Serv. Comm'n*, 366 S.W.3d 493, 496 (Mo. 2012); *cf. VF Jeanswear LP v. Equal Employment Opportunity Comm'n*, 140 S. Ct. 1202, 1204 (2020) (Thomas, J., dissenting from the denial of certiorari) ("[A]ll administrative agencies are creatures of statute, bound to the confines of the statute that created them.") (quotation marks omitted). The Public Defender, unlike the Department, expressly possesses the power to appoint counsel under the plain language of the statute creating it. *See* Mo. Rev. Stat. § 600.042.4(5) ("The director and defenders *shall* provide legal services to an eligible person … [f]or whom the federal constitution … requires the appointment of counsel[.]") (emphasis added).[1]

---

[1] Plaintiffs passively comment that the Department purportedly "has the authority to contract with private attorneys to satisfy the State's obligations under *Gagnon*[.]" Doc. 339, at 5 (citing Mo. Rev. Stat. § 217.035(4) (Director of Corrections has the authority to "[p]rocure … supplies, material, equipment or contractual services for the department")). Tellingly, Plaintiffs cite no case law construing the cited provision the way they do. And had the Missouri General Assembly intended for that provision to mean what Plaintiffs believe it means, it would have used the same kind of express language used in the Public Defender statutes requiring the appointment of counsel, but it did not. Indeed, unlike the Department, the Public Defender *does have* express authority to

2

*Third*, Plaintiffs' foregoing argument would also impermissibly render meaningless Fed. R. Civ. P. 19's requirement that litigants join all necessary and indispensable parties in all civil actions for a court to afford "complete relief[.]" *See, e.g.*, *United States v. John Doe, Inc. I*, 481 U.S. 102, 109 (1987) (when the "choice … is between recognizing or ignoring what the Rule provides in plain language" courts "accept the Rule as meaning what it says") (quotation marks omitted); *United States v. $579,475.00 in U.S. Currency*, 917 F.3d 1047, 1049 (8th Cir. 2019) (en banc) ("A rule of civil procedure should be interpreted in accordance with its plain meaning.").

At bottom, the people of Missouri, through the General Assembly, have set up a process for which state entity appoints counsel when the Constitution requires it: the Public Defender. No similar directive can be found anywhere in the Department's powers even though the legislature knows how to include such language in a statute. *See, e.g.*, *City of Aurora v. Spectra Commc'ns Grp., LLC*, 592 S.W.3d 764, 783 (Mo. 2019) ("This Court presumes each word, clause, sentence, and section of a statute will be given meaning and that the legislature did not insert superfluous language.") (quotation marks omitted).

For these reasons, as well as those set forth in the initial motion and suggestions, Defendants respectfully request a stay of the Court's order on remedy dated November 12, 2020, until after resolution of the pending appeal through issuance of a formal mandate by the Eighth Circuit.

---

hire private counsel, even "due to caseload" concerns. *See, e.g.*, Mo. Rev. Stat. § 600.042.1(10) (Public Defender Director "shall … [c]ontract for legal services with private attorneys on a case-by-case basis"); Mo. Rev. Stat. § 600.063.3(1).

3

Respectfully submitted,

**ERIC S. SCHMITT**
Missouri Attorney General

/s/ *Jeremiah J. Morgan*
Jeremiah J. Morgan, Mo. #50387
Deputy Attorney General – Civil
P.O. Box 899
Jefferson City, MO 65102
Telephone: (573) 751-1800
Fax: (573) 751-0774
Jeremiah.Morgan@ago.mo.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2021, a true and correct copy of the foregoing was electronically filed using the Court's online case filing system, which will send notice to all counsel of record.

By: /s/ *Jeremiah J. Morgan*
Counsel for Defendants