IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE GASCA, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 17-cv-04149-SRB |
| | ) |
| ANNE L. PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

**SUGGESTIONS IN SUPPORT OF PLAINTIFFS' MOTION
FOR ATTORNEYS' FEES AND COSTS**

Plaintiffs Stephanie Gasca, Mildred Curren, Timothy Gallagher, Kenneth Wise, Jesse Neely, Solomon Warren, and Amber Wyse, for themselves and on behalf of the certified class (collectively, "Plaintiffs") are entitled to seek an order requiring Defendants to pay their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and FED. R. CIV. P. 54(d). For the reasons set forth below, this Court should award Plaintiffs' attorneys' fees and non-taxable expenses, including expert fees.

**INTRODUCTION**

The named plaintiffs filed this class action lawsuit over six years ago to advocate on behalf of themselves and thousands of other people who are similarly situated—people who every day are at risk of suffering a grievous loss by being reincarcerated through a parole revocation system that the Missouri Department of Corrections ("MoDOC") admitted was unconstitutional. Plaintiffs' counsel marshalled voluminous evidence of the systemic deficiencies plaguing MoDOC's revocation processes, and demonstrated their entitlement to judgment as a matter of law. MoDOC conceded liability. After failed attempts to negotiate a settlement, MoDOC then tried to dismiss the entire lawsuit, claiming the public defender needed to be involved and that the

procedural changes it made during the lawsuit mooted the issue. In June 2020, after a brief evidentiary hearing, this Court properly concluded that many due process violations persist. Despite having proven a powerful case of decades-long constitutional violations, Plaintiffs' counsel had to defend the Court's remedial order before the Eighth Circuit. They did so successfully.

This case is one of significant importance and size, and required particular expertise and skill to litigate. Plaintiffs were fully successful on their sole claim against MoDOC. Plaintiffs' counsel should be reimbursed their fees and expenses incurred in this six-year long battle.

## ARGUMENT

### I. Plaintiffs Are The Prevailing Party

In order to award attorneys' fees, Plaintiffs must be considered the prevailing party. *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). Plaintiffs are undoubtedly the prevailing party in this case.

"A prevailing party [is] one who has succeeded on any significant claim affording it some of the relief sought, either pendente lite or at the conclusion of the litigation." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989); *see also Rogers Grp., Inc. v. City of Fayetteville, Ark.*, 683 F.3d 903, 909 (8th Cir. 2012) ("[t]o obtain 'an award of litigation costs,' a party must be a 'prevailing' or 'successful' party, i.e., 'one who has been awarded some relief by the court.'") (quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 603 (2001)). Courts must use a "generous formulation" to determine prevailing party status, and "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar*, 506 U.S. at 109 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal quotations and citation omitted).

2

There can be no dispute that Plaintiffs are the prevailing party in this case, and thus are entitled to the full recovery of their reasonable fees and costs. Plaintiffs asserted a sole due process claim against the Defendants, and succeeded fully on that claim. *See* Doc. 23. Indeed, Defendants did not oppose the entry of summary judgment in Plaintiffs' favor. *See* Doc. 140, 145, 146. The Court issued a declaratory and injunctive order vindicating their constitutional rights under the United States Constitution, and a remedial order requiring certain reforms to the Defendants' parole revocation procedures to bring them into compliance with due process. *See* Doc. 146, 323. This decision was, in large part, affirmed on appeal. *See Gasca v. Precythe*, 83 F.4th 705 (8th Cir. 2023Plaintiffs are unquestionably the prevailing party.

## II. Plaintiffs Are Entitled to Attorneys' Fees and Expenses

A. <u>Section 1988 presumes the award of fees and costs here.</u>

42 U.S.C. § 1988 was enacted with civil rights litigation such as this case in mind. *See*, *e.g.*, *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968); *Hensley*, 461 U.S. 424 at 429 ("The purpose of section 1988 is to ensure effective access to the judicial process for persons with civil rights grievances."). "Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large, irrespective of whether the action seeks monetary damages." *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989).

The Eighth Circuit has articulated the important public policy underlying the fee-shifting provisions implicated by successful litigation enforcing civil rights:

> Congress intended that "[i]n computing the fee, counsel for prevailing parties should be paid, as is traditional for attorneys compensated by a fee-paying client, 'for all time reasonably expended on a matter.'" S.Rep. No. 1011, 94th Cong., 2d Sess. 5 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908, 5913. The primary purpose of this formulation is to promote diffuse private enforcement of civil rights law by allowing the citizenry to monitor

> rights violations at their source, while imposing the costs of rights violations on the violators. *See Id*. A plaintiff bringing a civil rights action "does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority. If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest...." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968).
>
> In order for such a policy to be effective, Congress felt it appropriate to shift the true full cost of enforcement to the guilty parties to eliminate any obstacle to enforcement. "It is intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases...." S.Rep. No. 1011, 94th Cong., 2d Sess. 5 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908, 5913.

*Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993) (alterations in original). The availability of attorneys' fees to successful litigants in civil rights cases ensures "effective access to the judicial process" for litigants with meritorious claims. *Hensley*, 461 U.S. at 429; *see also Casey*, 12 F.3d at 805.

Indeed, prevailing civil rights plaintiffs should recover their attorneys' fees unless special circumstances would make an award of fees unjust. *Hensley*, 461 U.S. at 429. Such "special circumstances" should be construed narrowly. *Hatfield v. Hayes*, 877 F.2d 717, 720 (8th Cir. 1989). No such special circumstances exist here. This litigation provides an overwhelming benefit to the public. Plaintiffs sought redress for Defendants' violation of their constitutional rights—violations which resulted in deprivation of their liberty, and which violated longstanding Supreme Court precedent. Those rights have been vindicated, and Defendants' deficient procedures and practices ordered rectified. An award of fees is undoubtedly warranted. Similarly, the award of expenses is appropriate. *See* FED. R. CIV. P. 54(d)(2).

B. <u>Public interest law firms and pro bono attorneys can recover fees.</u>

Public interest law firms such as the MacArthur Justice Center ("MJC") are entitled to full attorneys' fees and expenses under Section 1988. The Supreme Court has held that the fact that plaintiffs are represented by a nonprofit public interest group is not a "special circumstance" that would warrant refusal to award attorneys' fees. *See N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 70 n.9 (1980); *see also Evans v. Jeff D.*, 475 U.S. 717, 725 n.9 (1986) (noting that "the fact that the fee award would benefit a legal services corporation" would not "justify a refusal to make an award."). Further, "[i]t is the interest of the public that such law firms be awarded reasonable attorneys' fees . . . when its counsel perform legal services otherwise entitling them to the award of attorneys' fees." *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The Court also strongly encouraged support of a fee award for pro bono attorneys:

> Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization…and [the Court] must avoid decreasing reasonable fees because the attorneys conducted the litigation more as an act of pro bono public than as an effort at securing a large monetary return.

*Id*.

C. <u>Plaintiffs are entitled to fees and expenses for preparing the Motion and Memorandum for Award of Attorneys' Fees, and non-taxable expenses.</u>

It is well-settled that the time spent by counsel in preparing the motion and memorandum in connection with an application of attorneys' fees and expenses is fully compensable. *See*, *e.g.*, *Griffin v. Ozark Cty., Mo.*, 688 F. Supp. 1372, 1377 (W.D. Mo. 1988) (awarding, among other things, attorney's fees in connection with preparing plaintiff's counsel's application for attorney's fees). In addition, a final judgment in this case will not be entered until after the parties submit additional briefing to the Court. *See* Doc. 364. In the event the Court grants this motion, Plaintiffs seek leave to supplement the record with that any fees and expenses related to the instant motion,

5

and fees incurred in briefing the issues discussed during the November 21, 2023 telephone conference. *Id*.

**III. Lodestar Calculation for Determining Appropriate Attorneys' Fees Award**

Courts use a lodestar calculation to determine the attorneys' fees and costs to be awarded. *Hensley*, 461 U.S. at 433. The lodestar figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id*. The "resulting product is presumed to be the minimum reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986) (emphasis original) (citing *Blum*, 465 U.S. at 897); *accord Hendrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991) (holding that "the lodestar award … is presumptively a reasonable fee, and most factors relevant to determining the amount of the fee are subsumed within the lodestar"); *Casey*, 12 F.3d at 805.

A. <u>Plaintiffs' counsel's billing rates are reasonable.</u>

In setting reasonable attorneys' fees, the general touchstone is whether the rate is in line with those prevailing in the community for comparable services by lawyers of reasonably comparable skill, experience, and reputation. *See Moore v. City of Des Moines*, 766 F.2d 343, 346 (8th Cir. 1985); *Blum*, 465 U.S. at 898. However, the Eighth Circuit has held that civil rights litigation may be appropriately subject to national rather than local rates. *Casey*, 12 F.3d at 805 ("A national market or a market for a particular legal specialization may provide the appropriate market."). Even if the attorney is employed by a non-profit organization, which may pay them less than the market rate, the attorney should still be awarded fees at the market rate. *Blum*, 465 U.S. at 894.

The Supreme Court in *Hensley* instructed courts to consider the following factors in deciding the reasonableness of rates:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

461 U.S. at 430 n.3. The most important factor in determining whether the total award is reasonable is the degree of success obtained. *Farrar*, 506 U.S. at 114. Moreover, the Supreme Court has held that many civil rights claims involve a "common core of facts… based on related legal theories" and the attorney's time "will be devoted to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis," so "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. In this case, the *Hensley* factors demonstrate ample support for Plaintiffs' attorneys' hourly rates.

First, this case required significant time and labor to litigate. Although the Complaint asserts a single cause of action, the case was far from simple: the size of the plaintiff class fluctuates, and consists of approximately 15,000 people located around the entire state of Missouri; the litigation lasted several years, including an appeal to the Eighth Circuit and reopening of narrow discovery after summary judgment was granted in Plaintiffs' favor. Particular skill and expertise were necessary to successfully litigate this case–skill and expertise Plaintiffs' counsel acquired while working on these issues for over six years. Thanks to Plaintiffs' counsel's hard work and expertise, they achieved an extraordinary result in this case: Defendants conceded liability, and Plaintiffs' counsel successfully defended this Court's decision before the Eighth Circuit Court of Appeals.

The appropriate attorney hourly rates for calculation of the lodestar are as follows:

(1) Amy E. Breihan, $500. *See* Affidavit of A. Breihan, attached hereto as **Exhibit 1**, ¶¶ 6-7.

(2) Megan G. Crane, $500. *See* Declaration of M. Crane, attached hereto as **Exhibit 2**, ¶¶ 4-5.

(3) Pat Mobley, $350. *See* Breihan Aff., Exh. 1.

(4) Shaleen Morales, $250. *Id*.

(5) Mae Quinn, $500. *Id*.[1]

For the reasons provided in the supporting affidavits, these rates are reasonable. This is especially true because Plaintiffs succeeded on their sole claim in the Complaint.

D. Plaintiffs' counsel's hours expended.

Litigating this class action required the investment of a significant number of attorney hours. In total Plaintiffs' counsel spent a total of 992.6 hours of attorney time for which they seek reimbursement. *See* Affidavit of A. Breihan, Exh. 1. These hours were the most efficient use of time on a complex case. These include hours drafting motions, communicating with the many class-members, locating and evaluating an expert witness, a second phase of discovery after entry of summary judgment in Plaintiffs' favor, preparing for an evidentiary hearing, and defending the Court's judgment on appeal. The hours expended on the litigation are as follows:

(1) Amy E. Breihan, 548.17 hours. *See* Affidavit of A. Breihan, Exh. 1, ¶ 2.

(2) Megan G. Crane, 278.93 hours. *See* Declaration of M. Crane, Exh. 2, ¶ 3.

(3) Mae Quinn, 80.25 hours. *See* Affidavit of A. Breihan, Exh. 1, ¶ 3.

(4) Shaleen Morales, 69.09 hours. *Id*.

---

[1] Volunteer attorney Omri Praiss also contributed substantially to the briefing on appeal. Although Plaintiffs are unable to seek reimbursement for his fees because of inadequate recordkeeping, Plaintiffs' counsel want to recognize Mr. Praiss' contributions, and thank him for his hard work on behalf of the plaintiffs in this case.

(5) Pat Mobley, 16.16 hours. *Id.*

**Thus, the lodestar, and presumptive attorneys' fee, is $476,603.50.**[2] This represents a reasonable attorneys' fee award in this case.[3]

## IV. Calculation of Plaintiffs' Non-Taxable Expenses

A prevailing party in civil rights litigation is entitled to non-taxable expenses. *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005) (prevailing party is entitled to "items reasonably charged by attorneys to their clients"); *see also Moore v. City of Des Moines*, 766 F.2d 343, 346 (8th Cir. 1985). Travel expenses, expert witnesses, and other fees incurred during litigation are included in the award. *Warnock*, 397 F.3d at 1027; *McDonald*, 860 F.2d 1456. In this case, Plaintiffs seek reimbursement for expert fees and other reasonable litigation expenses, including out-of-pocket expenses for travel. These costs are detailed in the affidavit of Ms. Breihan, and total $79,085.68. Plaintiffs also request that any out-of-pocket expenses this Court determines were erroneously included in their Bill of Costs (Doc. 365) be instead awarded as non-taxable expenses.

## CONCLUSION

For all the reasons stated herein and pursuant to 42 U.S.C. § 1988, Plaintiffs respectfully request that this Court award Plaintiffs' attorneys at Roderick & Solange MacArthur Justice Center $476,603.50 in attorneys' fees, and $79,085.68 in costs, which includes $20,925.00 of expert fees, for a total amount of $555,689.18.

---

[2] This does not include support staff time, or time dedicated to the matter by attorneys Locke Bowman or Omri Praiss.

[3] Upon request, Plaintiffs' counsel will provide their timekeeping records for these hours to the Court for *in camera* review. Upon request, Plaintiffs' counsel will provide redacted copies of these records to Defendants' counsel.

9

Dated: November 28, 2023          Respectfully submitted,

By: /s/ Amy E. Breihan
Amy E. Breihan, #65499
Megan G. Crane, #71624
Roderick & Solange MacArthur Justice Center
3115 South Grand Boulevard, Suite 300
St. Louis, MO 63118
Phone: (314) 254-8540
Fax: (314) 254-8547
amy.breihan@macarthurjustice.org
megan.crane@macarthurjustice.org

*Counsel for Plaintiffs*