IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| STEPHANIE GASCA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-04149-SRB |
| | ) | |
| ANNE L. PRECYTHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs. (Doc. #366.) Also, before the Court is a Proposed Bill of Costs. (Doc. #365). As set forth below, the motion for attorneys' fees and costs is GRANTED IN PART and DENIED IN PART. Further, the Proposed Bill of Costs is DENIED AS MOOT.

I. BACKGROUND

The named Plaintiffs ("Plaintiffs") filed this class action on August 14, 2017, claiming that the Missouri Department of Corrections' ("MDOC") parole revocation system violated due process. MDOC consented to summary judgment and agreed to rewrite its policies. However, settlement negotiations failed and MDOC moved to dismiss the case for failure to join a required party. This Court denied that motion and then issued a remedy order on November 12, 2022, instructing MDOC to make additional changes to bring MDOC's parole revocation policies into compliance with due process. The Eighth Circuit reviewed that remedy order and largely affirmed it.

Plaintiffs' Class Counsel ("Class Counsel") now moves for an award of attorneys' fees and costs. Class Counsel seeks an order granting $376,838.50 in attorneys' fees and $74,338.92 in costs and expert fees, for a total amount of $451,177.42. However, Defendants contest Class

Counsels' hourly rate, and their claims of total hours worked. Defendants also object to Class Counsels' Proposed Bill of Costs as seeking exactly the same costs in their motion for attorneys' fees and costs.

II. DISCUSSION

### A. Prevailing Party's Entitlement to Fees

The Court may allow "the prevailing party" in certain civil rights actions to recover "a reasonable attorney's fee . . ." 42 U.S.C. § 1988. A litigant is a "prevailing party" for attorneys' fee purposes "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. . ." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Defendants do not contest that Plaintiffs are the prevailing party. The Court therefore finds that Plaintiffs' Class Counsel are entitled to reasonable attorneys' fees from MDOC pursuant to 42 U.S.C. § 1988.

### B. Reasonable Attorneys' Fees

The basis for any "reasonable" fee award under § 1988 is the lodestar calculation, the product of a reasonable hourly rate and the number of hours reasonably expended on the litigation. *See Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"). Thus, to determine whether the fees that Class Counsel seeks are reasonable, the Court must determine (1) the number of hours reasonably expended on the litigation, and (2) a reasonable rate for the attorney's time.

#### *1. Whether the Number of Hours Expended is Reasonable*

"The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. The Court "should exclude from th[e] initial fee
2

calculation hours that were not 'reasonably expended.' Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Id.* at 434 (citation omitted).

Class Counsel seeks reimbursement for the following hours:

(1) Amy E. Breihan, 519.92 hours.

(2) Megan G. Crane, 109.15 hours.

(3) Mae Quinn, 78.75 hours.

(4) Shaleen Morales, 69.09 hours.

(5) Pat Mobley, 16.16 hours.

(Doc. # 382, p. 6; Doc. #367, pp. 8-9). These hours do not include support staff time. While Defendants took issue with some of the hours initially claimed[1], Class Counsel has corrected a few errors in their initial calculation.

In light of the corrections, the only disagreement remaining is whether Ms. Breihan can claim 41.59 hours from 11/4/2021 to 11/18/2021 for preparing for and attending oral argument before the Eighth Circuit. The Court disagrees with Defendants that "[p]reparation of no more than 20 hours should have been sufficient to prepare for the argument[.]" (Doc. #374, p. 4.) Defendants provide no support for their argument that Ms. Breihan should have only spent 20 hours preparing for oral argument because she only spent that much time on the brief. In fact, Class Counsel contends that another attorney spent additional hours on the brief, hours for which Class Counsel is not seeking reimbursement. Given the complexity, significance of the case, and overall high stakes of defending a civil rights case before the Eighth Circuit, the Court finds Ms.

---

[1] Class Counsel initially sought reimbursement for a total of 992.6 hours of attorney time. *See* Doc. #367, p. 8. However, in their reply brief, Class Counsel admits that some of the initial documentation "may have been incomplete[,]" thereby reducing the total request to 793.07 hours. (Doc. #382, p. 5.) Apart from the oral argument time entries, Class Counsel appears to have resolved all of Defendants' objections to their hours claimed. Therefore, the Court will not address Defendants' disputes that have now been resolved.

3

Breihan's claimed time for preparing for oral arguments is reasonable. Further, to the extent that some of the hours claimed include travel time to the oral arguments, the Court finds that time reasonable as well. *See Rose Confections, Inc. v. Ambrosia Chocolate Co., a Div. of W.R. Grace & Co.*, 816 F.2d 381, 396 (8th Cir. 1987) (allowing award of fees for travel time at attorney's usual hourly rate).

Therefore, the Court finds that Class Counsels' total claimed hours is reasonable.

### 2. *Whether the Proposed Hourly Rates are Reasonable*

Here, Defendants contend 1) that attorneys' fees related to "a challenge to the parole procedures[]" are limited by the Prison Litigation Reform Act's ("PLRA") cap on attorneys' fees; and 2) even if the PLRA does not apply, the "$500 per hour claimed by three Plaintiffs' lawyers is not a reasonable rate." (Doc. #374, pp. 1-2; Doc. #374, p. 2.)

First, the PLRA limits the hourly rate for attorney fees to no "greater than 150 percent of the hourly rate established under section 3006A of title 18 for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). While the Eighth Circuit has found that "[a] challenge to parole procedures is a civil action with respect to prison conditions under the PLRA[,]" all of the cases the Court has found in which the Eighth Circuit addressed parole procedures under the PLRA involved inmates currently detained in prisons when they filed their relevant suits. *See Castano v. Nebraska Dep't of Corr.*, 201 F.3d 1023, 1024 (8th Cir. 2000); *Owens v. Robinson*, 356 F. App'x 904 (8th Cir. 2009); *Martin v. Iowa*, 752 F.3d 725, 726 (8th Cir. 2014); *Minter v. Bartruff*, 939 F.3d 925, 928 (8th Cir. 2019).

Here, on the other hand, the Court agrees with Class Counsel that this Plaintiff Class "consists of people who are on parole supervision and *at risk of* being reincarcerated." (Doc. #382, p. 2) (emphasis in original). That is, the Plaintiff Class are not individuals currently

4

"confined in any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(a). Ultimately, the Court found no Eighth Circuit caselaw applying the PLRA to parole conditions in the context of individuals only on parole supervision. Further, the Eighth Circuit cases cited above largely only discuss whether the plaintiffs were required to exhaust their administrative remedies under the PLRA. Here, this pending motion has no relation to whether the Plaintiff Class exhausted their administrative remedies. Therefore, the Court finds that the PLRA does not apply here.

Second, as the PLRA does not apply, the Court must determine whether the hourly rate claimed is reasonable. *See McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988). Generally, "a reasonable hourly rate generally means the ordinary fee for similar work in the community." *Little Rock Sch. Dist. v. State Ark. Dep't of Educ.*, 674 F.3d 990, 997 (8th Cir. 2012) (quotation marks and citations omitted). However, the prevailing market rate is only a starting point as the rate charged should also consider the experience, skill, and expertise of the attorneys as well as the complexity, significance, and undesirability of the case. *McDonald*, 860 F.2d at 1459, 1462.

Here, the Court agrees with Defendants and finds that the prevailing market rate for Ms. Breihan, Ms. Crane, and Ms. Quinn is $450. While Class Counsel contends that $500 an hour is reasonable "because of their general experience and qualifications, and in particular their expertise with Section 1983 litigation and class action litigation[,]" the average billing rate for a partner in Missouri is $450. (Doc. #382, p. 3); *see also Welcome to Billing Rates 2023*, MISSOURI LAWYERS WEEKLY, https://molawyersmedia.com/2023/11/08/ welcome-to-billing-rates-2023/. Class Counsel contends that $500 an hour is reasonable because the Court can also consider "[a] national market or a market for a particular legal specialization." (Doc. #382, p. 4) (citing *Casey v. City of Cabool, Mo.*, 12 F.3d 799, 805 (8th Cir. 1993)). However, using a

5

national rate is most reasonable when a lawyer from a more expensive community is brought into an area with lower average rates. *See Casey*, 12 F.3d at 805 ("To limit rates to those prevailing in a local community might have the effect of limiting civil rights enforcement to those communities where the rates are sufficient to attract experienced counsel.")

Here, Class Counsel is local to Missouri, and, therefore, the Court finds it unnecessary to determine the average national rate for similar work. Considering Ms. Breihan, Ms. Crane, and Ms. Quinn's significant experience, the Court concludes that a reasonable rate is that of the average partner in Missouri at $450. Defendants do not take issue with Mr. Mobley's billing rate of $350 per hour or Ms. Morales' of $250. The Court likewise finds that these rates are comparable to the Missouri community averages for non-partners. *See Welcome to Billing Rates 2023*, MISSOURI LAWYERS WEEKLY, https://molawyersmedia.com/2023/11/08/ welcome-to-billing-rates-2023/ (stating that the Missouri average for associates was $293 and $350 for other attorneys).

Considering the above, the lodestar calculation for attorneys' fees results as follows:

| Attorney Name | Reasonable Hourly Fee | Hours Claimed | Total |
|---|---|---|---|
| Amy Breihan | $450 | 519.17 | $233,626.50 |
| Megan Crane | $450 | 109.15 | $49,117.50 |
| Mae Quinn | $450 | 78.75 | $35,437.50 |
| Pat Mobley | $350 | 16.16 | $5,656.00 |
| Shaleen Morales | $250 | 69.09 | $17,272.50 |
| | | | $341,110.00 |

Therefore, the Court awards $341,110.00 in attorneys' fees to Class Counsel.

C. Costs

6

Case 2:17-cv-04149-SRB    Document 383    Filed 01/30/24    Page 6 of 10

### I. Expert Related Expenses

Class Counsel seeks reimbursement for "expert related charges incurred in prosecution of this case" amounting to $20,925.00. (Doc. #382, p. 6.) Defendants contend this cost is not compensable.

The Court agrees with Defendants that expert witness costs are not compensable. While Class Counsel admits that "expert witness fees are not expressly included as recoverable in Section 1988," courts in the Eighth Circuit have expressly forbidden reimbursement for an expert witness under a § 1983 claim. (Doc. #382, p. 6); *See Felts v. Green*, No. 4:20-CV-821-JAR, 2023 WL 1100375, at *5 (E.D. Mo. Jan. 30, 2023) ("Congressional authorization for recovery of expert witness fees as part of an attorneys' fees award is limited to actions to enforce 42 U.S.C. §§ 1981 or 1981a (employment discrimination) and does not include action under § 1983 for vindication of Constitutional rights") (citing *Hirsh v. Lecuona*, No. 8:06CV13, 2008 WL 4457690, at *2 (D. Neb. Sept. 26, 2008)). Therefore, the Court denies Class Counsels' request for costs for their expert witness in the amount of $20,925.00.

### II. Other Non-Taxable Expenses

Class Counsel also seeks to recover other expenses in the amount of $53,413.92.[2] While Defendants admit that "a plaintiff can recover as part of an award of attorney fees those out-of-pocket expenses that would normally be charged to fee-paying clients[,]" Defendants object to a number of Class Counsels' claimed expenses.[3] (Doc. #374, p. 7) (relying on *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996)). The Court addresses each dispute in turn.

---

[2] The Court arrived at this number by subtracting $25,925.00 from $74,338.92, which is the total amount that Class Counsel states they seek in costs.
[3] Class Counsel withdrew their requests for certain expenses initially requested. *See* Doc. # 382, p. 10. Therefore, this Order only addresses the remaining expenses that Defendants dispute.

First, Defendants object to the "310.60 charge for 'PohlmanINV824123 – expedited audio transcript w word index. . . because the invoice . . . does not state who was deposed[.]" (Doc. #367-1, p. 9). The Court finds this expense compensable as Ms. Breihan's Supplemental Declaration provides that it "relates to transcription of plaintiff Soloman Warren's parole revocation hearing, and was incurred in the prosecution of this case." (Doc. #382-1, p. 1.) This expense is one that a fee-paying client would normally pay.

Second, "Defendants object to the $2,856.00 charge for 'McClainINV80866 – Locate/ Investigation'" as "Defendants should not be charged by Plaintiffs for the cost of locating plaintiff class members." (Doc. #374, p. 8.) The Court finds this expense not recoverable as locating a plaintiff would not be an out-of-pocket expense "of the kind normally charged to clients by attorneys." *Pinkham*, 84 F.3d at 295. That is, attorneys are not usually in the practice of having to track down their clients and then bill them for that investigation.

Third, "Defendants object to the $1,460.00 charge for 'MertaINV 1238 – Legal Services'" as "[t]here is no indication from the redacted invoice that this expense has any relation to this case." (Doc. #374, p. 8.) The Court finds this expense recoverable as "Plaintiffs' counsel contracted with Lotus Law for additional legal services in preparation for the 2020 evidentiary hearing in this case." (Doc. #382-1, p. 1.) This expense is one that a fee-paying client would normally pay.

Fourth, "Defendants object to the $95.60 and the $44.62 charges for 'FEDEX letters to VOP class members'" as "[b]oth mailings occurred before this case was filed on August 14, 2017." (Doc. #374, p. 8.) These expenses are recoverable because they "were incurred in the investigation and development of this case[.]" (Doc. #382, p. 8); *see also S.C. by & through M.C.*

8

Case 2:17-cv-04149-SRB     Document 383     Filed 01/30/24     Page 8 of 10

*v. Riverview Gardens Sch. Dist.*, No. 18-4162-CV-C-NKL, 2020 WL 5262267, at *18 (W.D. Mo. Sept. 3, 2020) (allowing costs for "fact investigation in preparing to file" a lawsuit).

Fifth, "Defendants object to the $200.00 total charge for *pro hac vice* fees paid on behalf of Locke Bowman, Sheila Bedi, and Pat Mobley." (Doc. #374, p. 9.) These expenses are recoverable as "[p]aying court fees for attorneys who are based outside of Missouri to participate in court proceedings is an entirely reasonable expense, particularly given the out-of-state attorneys' specialized knowledge, experience, and resources, which proved valuable in this case." *S.C. by & through M.C.*, 2020 WL 5262267, at *18. Here, Mr. Bowman and Ms. Bedi filed their appearances "so as to ensure adequate representation" after Ms. Quinn withdrew her appearance. (Doc. #382, p. 9.) Further, contrary to Defendants' contention that Mr. Mobley never handled a court proceeding, Class Counsel contends he "participated in the evidentiary hearing conducted in June 2020." (Doc. #382, p. 9.) That participation is sufficient for his *pro hac vice* fee to be recoverable.

Finally, Defendants object to the $120.99 charge for "Megan Crane Reimbursement – Car Rental Enterprise 1.16.2020" as the invoice shows the "car rental actually ran from the morning of December 17, 2019, through the morning of December 18, 2019" and "Ms. Crane's billing statement shows no work on this case on December 17, 2019." (Doc. #374, p. 10.) Class Counsel did not respond to this dispute in their reply brief. The Court reviewed Class Counsels' time entries associated with this pending motion and confirmed that Ms. Crane had no hours listed on December 17 or 18, 2019 or on January 16, 2020. Therefore, the Court finds this expense is not compensable.

Therefore, the Court finds that Class Counsels' request for $74,338.92 in costs is reduced by $2,856.00, $120.99, and $20,925.00 for a total of $50,436.93.

### D. Bill of Costs

Along with their motion for attorneys' fees and costs, Class Counsel filed a Proposed Bill of Costs seeking $50,278.15. Defendants "object to Plaintiff's Bill of Costs in its entirety because every item for which Plaintiffs request costs is also included in their request for attorneys' fees." (Doc. #373.) Class Counsel did not respond to Defendants' argument that they are seeking reimbursement for the same costs in two separate motions. Upon review of the attached Index of Costs and Expenses to both the Proposed Bill of Costs and Motion for Attorneys' Fees and Costs, the Court agrees with Defendants that Class Counsel is seeking reimbursement for the same costs under both motions.[4] Therefore, the Court declines to award Class Counsel any costs under the Proposed Bill of Costs.

### III. CONCLUSION

Accordingly, Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. #366) is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED insofar as Class Counsel is awarded the following fees:

- $341,110.00 in attorneys' fees to Class Counsel; and
- $50,436.93 in costs and expenses to Class Counsel.

The Motion is DENIED in all other respects. Further, the Proposed Bill of Costs (Doc. #355) is DENIED AS MOOT.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2024

---

[4] There is only a $465.17 difference between the two indices of costs and expenses. The Court is unable to account for the discrepancy and ultimately construes them as seeking reimbursement for the same costs and expenses.