**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

STEPHANIE GASCA, *et al.*,          )
                                    )
Plaintiffs,                         )
v.                                  )          Case No. 17-4149-CV-C-SRB
                                    )
ANNE L. PRECYTHE, *et al.*,         )
                                    )
Defendants.                         )

<u>**DEFENDANTS' COMPLIANCE UPDATE OF DECEDMBER 1, 2024**</u>

As shown below and Defendants' Compliance Update of May 1, 2024 (Doc. 384), Defendants are in compliance with all remedies ordered the Court in its Order of November 12, 2020 (Doc. 323), at pp. 52-55, as modified by the Eighth Circuit in *Gasca v. Precythe*, 83 F.4th 705 (8th Cir. 2023).

**<u>Revocation Procedures.</u>** Missouri Department of Corrections (DOC) parole revocation processes, policies, and practices remain the same as reported in Defendants' Compliance Update of May 1, 2024 (Doc. 384), except for two modifications to Procedure No. P3-9.1, and updates to the Counsel Screening Instrument. Affidavit of Todd Schwent, attached hereto as Exhibit A, at pp. 1-3 (¶ 3); Affidavit of Matt Kimsey, attached hereto as Exhibit B, at p. 1 (¶ 3). These changes are:

(a)    The addition of section III.G.3 to Procedure No. P3-9.1 to clarify that, if a parolee decides to waive a preliminary hearing at the time of the hearing and there are not adverse witnesses present, the supervising parole officer (PO) is to complete a Supplemental Violation Report outlining the parolee's decisions. Exhibit A-1,[1] at p. 9; Exhibit A-2, at p. 1.

---

[1] For brevity, exhibits that are attached to Exhibit A and Exhibit B to this Compliance Update will be referred to with their prefix (A-[number] or B-[number]) without further reference to the affidavit they are attached to.

1

(b)  The addition of section III.H.1-2 to Procedure No. P3-9.1 to explain that if the Missouri State Public Defender's Office (MSPD) determines that a parolee found eligible for counsel by a PO is not indigent and thereby not eligible to be represented by MSPD, then MSPD will provide a letter to the parolee with a copy to the PO.  When such a letter is received, a case note will be made indicating that the parolee will not be represented by MSPD at the hearing because not indigent.  Ex. A-1, at p. 9; Ex. A-2, at p. 2.

(c)  Modifications to the Counsel Screening Instrument to provide additional clarification to POs for assessing parolees' right to counsel.  The modifications were made as a result of staff feedback during training and issues flagged by MSPD following early referrals.  The modifications, shown in Ex. A, at 2-3 (¶ 3(c)) and Exhibit A-3, are as follows:

1.  In Factor One, added the piece, " **(If factor one is found, check Yes and then proceed to the Eligibility Determination Section below)".**

| **FACTOR ONE:**  Is the client currently assessed as an MH4, MH5 or being supervised as a SMI Client? (If factor one is found, check Yes and then proceed to the Eligibility Determination Section below) |
| --- |

2.  In Factor Three, changed the word from "evidence" to "innocence".

| **FACTOR THREE:**  There is a colorable claim of innocence that violations were not committed. ASK THE CLIENT THE FOLLOWING: |
| --- |

3.  Under Factor Four "Causal Circumstance" changed to "Mitigating Circumstance".

| FACTOR FOUR: Are the issues to be adjudicated during the revocation process complex and are there substantial mitigating circumstances?<br>ASK THE CLIENT THE FOLLOWING (USE A SEPARATE SHEET OF PAPER IF ADDITIONAL SPACE IS NEEDED): |
| --- |
| 1) Are there mitigating circumstances that caused any of the alleged violation(s)? ☐ Yes ☐ No<br>If yes, list the mitigating circumstances for each violation (Examples may include but are not limited to: drug use, mental health issues that do not rise to the level of incapacitation, physical issues, abuse/trauma, domestic violence, victim of crime, inability to gain employment, etc.):<br><br>Violation Number: _____ Mitigating Circumstance: |

4. Also under Factor Four, changed the first word of the statement from "If" to "Is".

| Is Factor Four Complex and is there substantial mitigating circumstances found? ☐ Yes ☐ No |
| --- |

**ELIGIBILITY DETERMINATION:**

Additional training via four webinars has been provided to POs and supervisors on how to make decisions regarding parolees' right to counsel through use of the revised Counsel Screening Instrument. Ex. A, at p. 3 (¶ 3(d)). This training was prepared and presented in partnership with the MSPD Parole Revocation Defense Team. *Id.* Since the additional training, issues raised by MSPD with regard to counsel screening have been greatly reduced. *Id.*

There were some instances in which a PO referred a parolee to MSPD for representation but no eligibility factor on the Counsel Screening Instrument was met. Ex. A, at p. 4 (¶ 6). When that has happened, Mr. Schwent has the PO's supervisor discuss the proper application of the Counsel Screening Instrument with the PO. *Id.*

There have been some instances when a parolee was found ineligible for counsel but questions later arise based on the parolee's behavior about his or her need for representation. Ex. A, at p. 4 (¶ 7). When this occurs, the parolee is rescreened and, if then found to meet any of the eligibility factors, referred to MSPD for representation. *Id.*

Mr. Schwent performs random spot checks on parole files to determine if revocation

procedures have been followed. *Ex. A*, at p. 4 (¶ 8). When he spots an issue, he directs that it be corrected. *Id*. Parole supervisors have been directed to review the work of the POs to see that the procedures are followed and to correct any issues that are spotted. *Id*.

At parole revocation hearings, a parole analyst is present to assist the panel in conducting the hearing. *Ex. B*, at p. 1, (¶ 4). Generally only Matt Kimsey, the Lead Parole Analyst of the Missouri Parole Board, and one other parole analyst serve in this role. *Id*. On rare occasions another Parole Analyst will sit in to conduct the revocation hearing. Limiting those who perform this role promotes consistency in the process. *Id*.

Based on a review of the calendar for revocation hearings occurring from July through November 2024, approximately 65 % of parolees were represented by MSPD during revocation hearings. *Ex. B*, at p. 2 (¶ 5).

Under policy (as noted in the May 1, 2024 Compliance Report, at p. 10), parole revocation hearings are to be held within 30 business days of the parolee entering a Reception and Diagnostic Center, or as soon as practicable. At this time, revocation hearings are typically being held within 30 to 60 calendar days (roughly 21 to 43 business days) after the parolee's return to DOC custody. *Ex. B*, at p. 2 (¶ 6). From July to November 2024, the average number of days between a parolee returning to DOC custody and the parolee's revocation hearing is 56.89 calendar days (roughly 41 business days). (Two parolees have not been counted in this calculation because they are awaiting court-ordered mental health evaluations. MSPD, which represents these two parolees in the revocation process, has not objected to delaying their hearings pending the evaluations.). *Id*. Revocation hearings can be delayed for a number of reasons, including: need to write new violation reports for violations discovered after a parolee's return to DOC; parolee being on out-count at the time of the revocation hearing; and a parolee's lawyer requesting a continuance. *Id*.

4

DOC is providing revocation hearings well within the 90 day window that the Eighth Circuit has determined to be reasonable in some cases. *Gasca v. Precythe*, 83 F.4th 705, 710 (8th Cir. 2023).

**DOC Cooperation with MSPD.** DOC continues to welcome feedback from MSPD and uses that to improve revocation practices. DOC and MSPD have collaborated in preparing training for POs and supervisors. MSPD continues to participate in training provided to POs and supervisors. Ex. A, at p. 3 (¶ 4).

Stacey Lannert, the Leader of the MSPD Parole Revocation Defense Team and Todd Schwent, the Assistant Director of DOC's Division of Probation and Parole, continue to have regular contact and open dialogue regarding any issues or concerns that arise. Ex. A, at pp. 3-4 (¶ 5). Ms. Lannert and/or MSPD staff copy Mr. Schwent on e-mails to staff noting when additional information or clarification is needed in a case. *Id*. When Mr. Schwent receives these e-mails, he follows up with the relevant Unit Supervisor to ensure that he or she reviews the matter with the assigned PO and that the matter is being handled appropriately. *Id*. Mr. Schwent does not recall ever declining to provide additional information in the possession of DOC that was requested by MSPD for a case referred to it. *Id*. All issues raised by MSPD with Mr. Schwent have been addressed and resolved. *Id*.

Matt Kimsey, the Lead Parole Analyst of the Missouri Parole Board, and MSPD also have open communications and a good working relationship. Ex. B, at p. 2 (¶ 7). They accommodate one another when issues arise concerning parole revocation hearing schedules. *Id*.

**Open Issue with MSPD.** MSPD does have one issue with DOC that has not been resolved. MSPD has filed two Petitions for Writ of Habeas Corpus based on DOC not providing adverse evidence against a parolee that is not in the possession of DOC. Ex. B, at p. 2 (¶ 8); Exs. B-1 and B-2 (copies of these Petitions for Writ of Habeas Corpus).

5

The evidence to be used against parolees at revocation hearings is provided to counsel (if the parolee is represented) or to the parolee at least five days (but generally seven days) before the hearing. Ex. B, at p. 3 (¶ 8(a)); *see also* Defendants' May 1, 2024 Compliance Report, at p. 8. If additional evidence is requested, it will be provided if it is in possession of DOC, but DOC cannot provide evidence it does not have. Ex. B, at p. 3 (¶ 8(b)). DOC does not have subpoena power. *Id*. A Division of Parole is under no obligation to furnish material that is not in its possession or control. *People ex rel. Wilk v. Meloni*, 572 N.Y.S.2d 599, 599 (N.Y. App. Div. 1991).

The Parole Board makes its decisions based only on the evidence presented at the hearing. Ex. B, at p. 3 (¶ 8(c)). The Board does consider evidence offered at the hearing by the parolee or counsel. *Id*. Parolees or their counsel may obtain police reports and other records that may be relevant to their parole status at their own request to the applicable law enforcement agency. § 610.100.4, RSMo ("Any person, including . . . attorney for a person, . . . involved in any incident . . . may obtain any records closed pursuant to this section or section 610.150 [e.g., law enforcement investigation reports] for purposes of investigation of any civil claim or defense"); *see also Glasgow School Dist. v. Howard County Coroner*, 633 S.W.3d 822, 827, n.1 (Mo. App. W.D. 2021) (under § 610.100.4, decedent's family "may obtain any closed record for purposes of investigation of any civil claim or defense"). If a parolee or counsel requests postponement of a revocation hearing because the parolee or counsel needs more time to obtain evidence, the Parole Board will do so. Ex. B, at p. 3 (¶ 8(d)).

**Conclusion.** As shown above and in their Compliance Update of May 1, 2024 (Doc. 384), Defendants have demonstrated their compliance with the remedies ordered by the Court as modified by the Eighth Circuit decision in *Gasca*. Based on this compliance, Defendants request that this Court end its retention of jurisdiction and enter its final judgment with the remedies

6

modified as suggested in their Compliance Update of May 1, 2024 (modifications based on the Eighth Circuit's *Gasca* decision). At such time as any parolees believe that the Defendants are not complying with the remedies ordered, they may bring independent enforcement actions.[2]

WHEREFORE, Defendants pray that this Court end its retention of jurisdiction and that it enter final judgment.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General
/s/ Michael Pritchett
Jeremiah J. Morgan, Mo. Bar No. 50387
Deputy Attorney General – Civil
Michael Pritchett, Mo. Bar No. 33848
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
Telephone:  (573) 751-1800 (Morgan)
                   (573) 751-8864 (Pritchett)
Facsimile:  (573) 751-0774 (Morgan)
                   (573) 751-9456 (Pritchett)
E-Mail: Jeremiah.Morgan@ago.mo.gov
              Michael.Pritchett@ago.mo.gov

**ATTORNEYS FOR DEFENDANTS**

---

[2] Plaintiffs filed their Compliance Update on December 20, 2024. Plaintiffs engaged in some statistical analysis and conducted a survey of parolees and raise several points and specific instances of alleged non-compliance with the remedies ordered by this Court. Defendant ask for time to respond to Plaintiffs' Compliance Update and are filing a motion with this request along with this Defendants' Compliance Update.

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2024, a true and correct copy of the foregoing was electronically filed using the Court's online case filing system, which will send notice to all counsel of record.

/s/ *Michael Pritchett*
Counsel for Defendants