IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| STEPHANIE GASCA, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 17-cv-04149 |
| ANNE PRECYTHE, et al., | ) ) ) |
| Defendants. | ) |

## ORDER AND JUDGMENT

Before the Court are the parties' reports on Defendants' compliance with the Court's November 12, 2020 Order, including Plaintiffs' counsel's request for additional fees incurred following appeal and during the compliance phase of the case. After consideration of the issue and evidence, and following conference with counsel for the parties, the Court enters the following order and judgment.

IT IS HEREBY ORDERED that Defendants are permanently enjoined from violating the due process rights of Class members under the Fourteenth Amendment to the U.S. Constitution. Defendants are ORDERED to:

1. Comply with policies governing notice to parolees of their alleged violations and keep documentation of compliance.

2. Comply with policy governing the timely provision of the Notice of Rights form to parolees and keep documentation of compliance.

3. Amend the Revocation Hearing form to add space for the alleged violations to be listed.

4. Comply with policies requiring parole officers to explain the content of the Notice of Rights, Preliminary Hearing, and Revocation Hearing forms and the parole revocation process to parolees at violation interviews.

5. Orally offer to read the Notice of Rights form to parolees and amend policies to reflect this requirement.

6. Ensure parole officers stop encouraging and pressuring parolees to waive their hearings.

7. Disclose to parolees all evidence against them no later than five days before the revocation hearing and amend policies to reflect this requirement.

8. Provide a revocation hearing within a reasonable time after the parolee is taken into custody and maintain documentation that any delay in the revocation of more than 90 days is reasonable.

9. Comply with policy requiring parolees be given the Notification of Board Action within 10 business days of the date on the Notification and maintain careful documentation of the delivery of the Notifications of Board Action to parolees.

10. Construct and implement a policy mandating that, when a decision to revoke parole is made—regardless of whether a hearing was conducted—the Notice of Board Action must provide to the parolee a written decision outlining the evidence relied on to determine whether the parolee violated a condition(s) of parole and reasons for revoking.[1]

---

[1] As part of its October 2023 decision, the Eighth Circuit required a written decision outlining the evidence relied on to determine whether the parolee violated a condition of parole with regard to parolees who waived a hearing "because some revocation decisions are appealable even if a hearing is waived" and a written decision would be needed "to create an adequate basis for review." *Gasca v. Precythe*, 83 F.4th 705, 711 (8th Cir. 2023). At this time, however,

11. Screening Instrument:

   a. Amend the "Screening Questions to ask the Client" section of the Screening Instrument to provide space in case a parolee wishes to explain the claim of innocence.

   b. Amend the "Screening Questions to ask the Client" section of the Screening Instrument to add a screening question(s) to be asked of parolees related to potential complex mitigating circumstances, with space for parole officers to detail the alleged mitigating circumstances.

   c. Amend the "Processing Questions for the PO – (Not to be Asked of the Client)" section of the Screening Instrument to add a processing question(s) to aid parole officers in determining whether appointment of counsel is warranted based on a timely and colorable claim that he has not committed the alleged violation.

12. Train parole officers and other Division of Probation and Parole employees involved in and responsible for the counsel eligibility screening process to conduct the screening process in accordance with the three separate grounds set forth in *Gagnon*.

13. Ensure parolees are informed of the right to be screened for state-funded counsel and are subsequently screened upon request before parolees decide whether to request or waive preliminary or revocation hearings and amend policies to reflect this requirement.

---

all revocation decisions are made by the majority of the Missouri Board of Probation and Parole, from which no appeal is available.

14. Adhere to policies requiring parole officers and other employees of the Division of Probation and Parole responsible for the counsel eligibility screening process to administer the Screening Instrument and make counsel eligibility determinations.

15. Construct and implement a policy requiring that a finding that a parolee is ineligible for counsel must be succinctly recorded in the appropriate and relevant records.

16. Refrain from proceeding with revocation hearings and reincarcerating parolees who are not represented by state-funded counsel when minimum due process so requires.

17. Adopt and implement a new policy for appointing state-funded counsel to eligible parolees and update all forms to reflect the new policy.

18. Make the appeal form available to parolees whose decisions are appealable on the same day they receive their decision and amend policies to reflect this requirement.

In addition, Plaintiffs' request for additional attorneys' fees and costs is **GRANTED**, and Class Counsel is awarded the following fees: (a) $29,925 in attorneys' fees to Class Counsel; and (b) $507.13 in costs and expenses to Class Counsel.

This constitutes a final and appealable judgment under FED. R. CIV. P. 54.

**IT IS SO ORDERED.**

/s/Stephen R. Bough
Stephen R. Bough
United States District Judge

Dated: January 28, 2025