# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEPHANIE GASCA, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 17-cv-04149-SRB |
| ANNE L. PRECYTHE, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e) AND/OR MOTION TO FOR ADDITIONAL FINDINGS UNDER RULE 52(b) AND/OR MOTION IN OPPOSTION TO PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES UNDER RULE 54(d)(2) AND REQUEST THAT THE TIME FOR APPEAL BE EXTENDED <u>UNDER FED. R. APP. P 4(a)(4)(A).</u>**

Defendants' purpose in this motion is to oppose the hourly rate applied by the Court in its award of attorney's fees included in this Court's Order and Judgment of January 28, 2025 (Doc. 404), as well as in its Order of January 30, 2024 (Doc. 383). The hourly rate should have been capped as required by 42 U.S.C. § 1997e(d)(3), a provision of the Prison Litigation Reform Act.

# TABLE OF CONTENTS

PROCEDURAL ISSUES ................................................................................................................5

    The law is unclear as to which Rule this motion should be premised on ............................5

    Request to extend time for appeal..........................................................................................6

    Rule 59(e) and Rule 52(b) Standards....................................................................................6

    Rule 54(d)(2) Standards ........................................................................................................8

THE PRISON LITIGATION REFORM ACT APPLIES ............................................................8

    The Prison Litigation Reform Act applies to suits filed by prisoners ..............................8

    This is a case filed by prisoners...........................................................................................8

    Certification of class does not affect application of PLRA................................................9

    PLRA's attorney's fees limitation applies........................................................................12

    PLRA applies to cases challenging parole procedures.....................................................12

APPLICATION OF PLRA'S ATTORNEY'S FEES LIMITATION IN THIS CASE ................13

CONCLUSION............................................................................................................................16

CERTIFICATE OF SERVICE .....................................................................................................17

# TABLE OF CASES

**Cases**

*Ashker v. Cate*, 2018 WL 3108924 (N.D. Cal. June 25, 2018), *order amended on other grounds on reconsideration sub nom. Ashker v. Gov. of Calif.*, 2018 WL 3777168 (N.D. Cal. Aug. 9, 2018) .................................................................................................................................. 11

*Brown v. Precythe*, 2020 WL 1527160 (W.D. Mo. Mar. 30, 2020) ............................................ 13

*Castano v. Neb. Dep't of Corr.*, 201 F.3d 1023 (8th Cir. 2000).................................................. 12

*Chandler v. Crosby*, 379 F.3d 1278 (11th Cir. 2004) ................................................................ 11

*Decoteau v. Raemisch*, 2016 WL 8416757 (D. Colo. July 6, 2016)............................................ 12

*Doe v. Washington County*, 150 F.3d 920 (8th Cir. 1998) ..................................................... 8, 11

*Duvall v. O'Malley*, 2016 WL 3523682 (D. Md. June 28, 2016) ................................................ 12

*Edlund v. Ridgedale Automotive, Inc.*, 101 Fed. Appx. 180 (8th Cir. 2004)................................. 5

*Frazier v. Graves*, 2022 WL 273458 (E.D. Ark. Jan. 28, 2022) .................................................. 11

*Glover v. Bostrom*, 2023 WL 6459284 (8th Cir. Oct. 4, 2023) ............................................... 8, 11

*Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs.*, 141 F.3d 1284 (8th Cir.1998) .......... 6, 7

*Jackson v. State Bd. of Pardons and Paroles*, 331 F.3d 790 (11th Cir. 2003) ............................. 12

*Martin v. Iowa*, 752 F.3d 725 (8th Cir. 2014)............................................................................. 12

*Montcalm Pub. Corp. v. Virginia*, 199 F.3d 168 (4th Cir. 1999) ................................................ 12

*Murphy v. Smith*, 583 U.S. 220 (2018) ......................................................................................... 8

*Nat'l Union Fire Ins. Co. v. Donaldson Co.*, 2018 WL 2247258 (D. Minn. May 16, 2018) ......... 5

*Nerness v. Johnson*, 401 F.3d 874 (8th Cir. 2005) ................................................................. 8, 11

*Parada v. Anoka County*, 555 F. Supp. 3d 663 (D. Minn. 2021), *aff'd*, 54 F.4th 1016 (8th Cir. 2022) ............................................................................................................................................ 7

*Parsons v. Ryan*, 912 F.3d 486 (9th Cir. 2018) .......................................................................... 11

*Rasho v. Walker*, 2019 WL 8435472 (C.D. Ill. Feb. 26, 2019) .................................................. 11

*Reid v. Wetzel*, 2020 WL 8184695 (M.D. Pa. Apr. 9, 2020), *appeal dismissed sub nom. Reid v. Secretary Pa. Dep't*, 2020 WL 8184867 (3rd Cir. 2020) ............................................................ 11

*Riker v. Gibbons*, 2010 WL 4366012 (D. Nev. Oct. 28, 2010) ................................................... 12

*Robbins v. Chronister*, 435 F.3d 1238 (10th Cir. 2006) ............................................................. 12

*Scott v. Clarke*, 2016 WL 452164 (W.D. Va. Feb. 5, 2016) ......................................................... 12

*Sherman v. Kasotakis*, 314 F. Supp. 2d 843 (N.D. Iowa 2004) ..................................................... 6

*Trickey v. Kaman Indus. Tech. Corp.*, 705 F.3d 788 (8th Cir. 2013) ............................................ 5

*Utah Women's Clinic, Inc., v. Leavitt*, 75 F.3d 564 (11th Cir. 1995) ............................................ 5

*White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445 (1982) .............................................................. 5

**Statutes**

18 U.S.C. § 3006A ................................................................................................................. 13, 14

42 U.S.C. § 1988(b) ...................................................................................................................... 8

42 U.S.C. § 1997e ..................................................................................................................... 8, 12

42 U.S.C. § 1997e(a) ..................................................................................................................... 9

42 U.S.C. § 1997e(d) ........................................................................................... 1, 5, 7, 8, 12, 13, 16

42 U.S.C. § 1997e(h) ..................................................................................................................... 9

**Rules**

Fed. R. App. P. 4(a) ...................................................................................................................... 6

Fed. R. Civ. P. 23(h) ..................................................................................................................... 6

Fed. R. Civ. P. 52(b) ............................................................................................................... 5, 6, 7

Fed. R. Civ. P. 54(d) .................................................................................................................. 6, 8

Fed. R. Civ. P. 58 ....................................................................................................................... 6, 16

Fed. R. Civ. P. 59(e) .................................................................................................................. 5, 6

Fed. R. Civ. P. 60(b) ..................................................................................................................... 5

**Other**

Guide to Judiciary Policy, Vol. 7: Defender Services .................................................................. 13

# PROCEDURAL ISSUES

**The law is unclear as to which Rule this motion should be premised on.** Basing this motion on Rule 59(e) (motion to alter or amend judgment) seems the most straightforward way to present Defendants' position that the hourly rate of fees awarded to Plaintiffs' lawyers should be capped by 42 U.S.C. § 1997e(d)(3), but the Supreme Court held that "a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action – issues to which Rule 59(e) was never intended to apply." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982). In reliance on *White*, the Eighth Circuit held that "Rule 59(e) was not the appropriate vehicle for [a party] to contest the attorney's fees award. *Trickey v. Kaman Indus. Tech. Corp.*, 705 F.3d 788, 808 (8th Cir. 2013). Given that the *White* decision concerned a motion for fees and the party in *Trickey* was contesting a restriction on his recovery of attorney's fees, *id*. at 807, this line of cases possibly applies only to parties moving for fees or for additional fees. But the Eleventh Circuit has held that Rule 59(e) is also not a proper vehicle to challenge an award of fees, at least where additional proceedings are needed to determine those fees. *Utah Women's Clinic, Inc., v. Leavitt*, 75 F.3d 564, 567 (11th Cir. 1995). The order granting the fees at issue here is final and does not require additional proceedings, so Rule 59(e) is likely the proper Rule under which to bring this challenge to the hourly rate of attorney's fees awarded by the Court because no other Rule provides a better fit for raising this challenge.

Motions requesting amended or additional findings under Rule 52(b) have been accepted as a means of addressing attorney's fees issues. *See Nat'l Union Fire Ins. Co. v. Donaldson Co.*, 2018 WL 2247258, at *2 (D. Minn. May 16, 2018). *See also Edlund v. Ridgedale Automotive, Inc.*, 101 Fed. Appx. 180, at *1 (8th Cir. 2004) (denial of motion under Rules 52(b) and 60(b) requesting attorney's fees affirmed based on the law of the case doctrine). But when a "motion

appears to revolve around the correctness, or completeness, of the judgment entered rather than a plea to the court to make additional findings", the motion is more properly a motion under Rule 59(e). *Sherman v. Kasotakis*, 314 F. Supp. 2d 843, 877 (N.D. Iowa 2004). Considering Defendants request here that the Court accept briefing on the proper hourly rate so that additional findings can be made to establish why the Court chose the hourly rate it did, a motion under Rule 52(b) would be proper.

Since the implementation of Rule 54(d)(2), a claim for attorney's fees is to be made by motion under that Rule. On its face, it does not appear that Defendants' challenge to the hourly rate for attorney's fees awarded by the Court falls within this Rule governing requests for fees. But, given that Rule 23(h)(1) provides that a claim for attorney's fees in a class action "must be made by motion under Rule 54(d)(2)" and that Rule 54(d)(2)(C) provides that "the court must, on a party's request, give an opportunity for adversary submissions on the motion", Rule 54(d)(2) does give the party opposing fees a right to be heard.

**Request to extend time for appeal.** Motions under both Rule 52(b) and Rule 59(e) extend the time for filing an appeal, but a motion under Rule 54(d)(2) does not unless the "district court extends the time to appeal under Rule 58". Fed. R. App. P. 4(a)(4)(A). Thus, if this motion can be premised on Rule 54(d)(2) only, the time to appeal this Court's Order and Judgment of January 28, 2025, expires on February 27, 2025, unless the Court extends that time. Given the ambiguity as to which Rule applies, Defendants ask the Court to issue an order by February 26, 2025, that extends the time for appeal in this case until 30 days after the decision on this motion, so that appeal time will run from the order on this motion regardless of which of the Rules apply.

**Rule 59(e) and Rule 52(b) Standards.** Motions under Rule 59(e) "serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative*

6

*Home Health Care, Inc. v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir.1998) (citations and quotation marks omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id*.

The same standards apply to motions under Rule 52(b). *Parada v. Anoka County*, 555 F. Supp. 3d 663, 681 (D. Minn. 2021), *aff'd*, 54 F.4th 1016 (8th Cir. 2022).

Defendants here contend that the limits on the hourly rate of attorneys established by 42 U.S.C. § 1997e(d)(3) apply. The Court's decision not to apply this limit when determining the fees due to Plaintiffs' lawyers for their work since the end of 2023 is a manifest error of law and should require additional findings. Because the Court made this determination without briefing, permitting such briefing now, through this motion, does not result in the introduction of any new evidence, the tendering of new legal theories, or the raising of argument that could have been offered or raised prior to judgment.

Defendants are also requesting the Court to reconsider its previous denial of the application of the limits of § 1997e(d)(3) to its fee determination in its order of January 30, 2024 (Doc. 383), for the work of Plaintiffs' lawyers before the end of 2023. In doing so, Defendants are not tendering new legal theories or raising new arguments. Rather, Defendants are only returning to the argument made in their Response to Plaintiffs' Motion for Attorney's Fees and Costs (Doc. 374) with additional, but consistent, authorities. To the extent additional evidence is provided with this motion, it is evidence that could have been raised prior to judgment had the Court permitted briefing on attorney's fees before entering judgment. Besides, any new evidence provided with this motion is not necessary to Defendants' argument that the 1997e(d)(3) limits should have been applied to the earlier hours worked by Plaintiffs' lawyers.

**Rule 54(d)(2) Standards.** Rule 54(d)(2) provides the procedure by which a party may claim attorney's fees when they are allowed. Plaintiffs' lawyers here claim fees based on 42 U.S.C. § 1988(b). Under this statute, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee[.]" But in prisoner cases, the provisions of § 1997e(d) "limit the district court's pre-existing discretion under § 1988(b)." *Murphy v. Smith*, 583 U.S. 220, 227 (2018). Section 1997e(d)(3), in particular "limit[s] the fees that would otherwise be available under § 1988" by "restrict[ing] the hourly rate of the prisoner's lawyer." *Id*.

### THE PRISON LITIGATION REFORM ACT APPLIES

**The Prison Litigation Reform Act applies to suits filed by prisoners.** The Prison Litigation Reform Act (PLRA; including for the purposes of this motion 42 U.S.C. § 1997e) "applies to only those suits filed by prisoners." *Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir. 1998); *see also Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). When a plaintiff was a prisoner when he or she filed suit, the PLRA applies. *Glover v. Bostrom*, 2023 WL 6459284, at *1 (8th Cir. Oct. 4, 2023). When a plaintiff was not a prisoner when he or she filed suit, the PLRA does not apply. *Doe*, 150 F.3d at 924; *Nerness*, 401 F.3d at 876.

**This is a case filed by prisoners.** This case was filed on August 14, 2017. Class Action Complaint (Doc. 1). At that time, all of the Plaintiffs asking to be certified as class representatives (Gasca, Curren, Gallagher, Hemphill, Neely, and Wyse) admitted they were in the custody of the Missouri Department of Corrections (DOC). *Id*. at ¶¶ 14-19. An amended complaint was filed on October 12, 2017. Amended Class Action Complaint (Doc. 23). At that time, the additional Plaintiff asking to be certified as a class representative (Warren) also admitted he was in DOC custody. *Id*. at ¶ 20. DOC records also establish that Gasca, Curren, Gallagher, Hemphill, Neely, and Wyse were in custody when their complaint was initially filed on August 14, 2017, and that

Warren was in DOC custody on October 12, 2017, when the amended complaint in which he joined as a Plaintiff was filed. Affidavit of Todd Schwent, attached hereto as Exhibit A, ¶¶ 3-4.

Because the named Plaintiffs in this case were incarcerated when they filed (or joined) this lawsuit, the PLRA applies. *See* § 1997e(h) ("the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program").

**Certification of class does not affect application of PLRA.** In its attorney's fees order of January 30, 2024 (Doc. 383), p. 4, the Court concluded that the PLRA did not apply to this case because the class certified "consists of people who are on parole supervision and *at risk of being reincarcerated*" (quoting Plaintiffs' Reply Suggestions in Support of Plaintiffs' Motion for Attorney's Fees and Costs (Doc. 382), p. 2, with emphasis in the Reply). In other words, the Court found that "the Plaintiff Class are not individuals currently 'confined in any jail, prison, or other correctional facility.' " Order of January 30, 2024 (Doc. 383), pp.4-5 (quoting 42 U.S.C. § 1997e(a)).

The actual class certified in this case, however, is defined as: "All adult parolees in the state of Missouri who currently face, or who in the future will face, parole revocation proceedings." Order of January 4, 2019 (Doc. 132), p. 3. Parolees facing revocation proceedings are incarcerated. Parolees are not scheduled for revocation proceedings until after they are arrested and back in custody in a jail or prison. Ex. A, ¶ 5. They continue in custody in a jail or prison until either a revocation decision is made or the Parole Board decides to terminate the proceedings before the process is complete and returns the prisoner to parole. Ex. A, ¶ 6. Either way, the parolee is always in custody while parole revocation proceedings continue. *Id*.

Further, all the remedies ordered in this case occur only while a parolee is incarcerated. Parolees are in custody in a jail or prison when they are interviewed by parole officers (POs) at the beginning of the parole revocation process. Ex. A, ¶ 7. It is at this interview that parolees are given notice of their alleged violations; given the Notice of Rights form; have the parole revocation process explained to them, including explanations of the content of the Notice of Rights (which the PO will offer to read out loud) and the Request for or Waiver of Preliminary Hearing form; are first informed of their right to be screened, and then are screened, for state-funded counsel; and then are either referred to the Missouri State Public Defender for assignment of counsel or notified of the reason why they have been found ineligible for state-funded counsel (Remedies[1] 1, 2, 4, 5, 13, 14, 15). *Id.*

Parolees may be screened for counsel at other stages of the revocation process, but only at times that they are in custody in a jail or prison and continue to be subject to the parole process. Ex. A, ¶ 8. Parolees are in prison custody when POs explain to them the content of the Request for or Waiver of Revocation Hearing form at the interview provided after their arrival at a DOC facility (Remedy 4). Ex. A, ¶ 9.

Only parolees that are in prison custody have revocation hearings; have counsel at those hearings; receive all the evidence against them at least five days before those hearings; receive written decisions outlining the evidence relied on to determine whether the parolee violated a condition of parole and the reasons for revoking; receive notification of Board action, and receive appeal forms (whenever a parole decision is subject to an appeal) (Remedies 7, 8, 9, 10, 16, and 18). Ex. A, ¶ 10. When the Parole Board decides to terminate revocation proceedings before the process is complete and returns the parolee to parole, the revocation process stops and such

---

[1] These remedy numbers are taken from the Court's Order and Judgment of January 28, 2025 (Doc. 404).

parolees are free (not in custody), so will not have revocation hearings; will not need counsel at revocation hearings; will not need to be provided with the evidence against them; will not be subject to any revocation decision; and will not need appeal forms. *Id.*

The other Remedies (3, 6, 11a-c, 12, and 17) are orders to DOC to adopt and implement policies, amend forms, ensure certain conduct on the part of POs, or require training, all of which relate to stages of the revocation process at which the parolee is in custody as described above.[2]

Considering that the Remedies ordered in this case impact parolee class member plaintiffs only when they are in the custody of a correctional facility, this lawsuit is one filed by class representative prisoners that provides benefits only to fellow class members when they are also in custody of a correctional facility. As a suit filed by prisoners that benefits class members only when they are also prisoners, the PLRA applies. *See Doe*, 150 F.3d at 924; *Nerness*, 401 F.3d at 876; *Glover*, 2023 WL 6459284, at *1.

Further, PLRA restrictions have been applied to class action lawsuits in which the class includes members who in the future may be incarcerated, thus including class members who are not incarcerated at the time the suit was filed. *See Frazier v. Graves*, 2022 WL 273458, at *3 & *14 (E.D. Ark. Jan. 28, 2022). *See also Parsons v. Ryan*, 912 F.3d 486, 493 & 501 (9th Cir. 2018); *Chandler v. Crosby*, 379 F.3d 1278, 1283 & 1286-88 (11th Cir. 2004); *Reid v. Wetzel*, 2020 WL 8184695, at *1 & *5 (M.D. Pa. Apr. 9, 2020), *appeal dismissed sub nom. Reid v. Secretary Pa. Dep't*, 2020 WL 8184867 (3rd Cir. 2020); *Rasho v. Walker*, 2019 WL 8435472, at *1 & *7 (C.D. Ill. Feb. 26, 2019); *Ashker v. Cate*, 2018 WL 3108924, at *1 (N.D. Cal. June 25, 2018), *order amended on other grounds on reconsideration sub nom. Ashker v. Gov. of Calif.*,

---

[2] Some of the other remedies already noted above also include orders to DOC (generally to maintain documentation) but these also relate to stages of the revocation process at which the parolee is in custody.

2018 WL 3777168 (N.D. Cal. Aug. 9, 2018); *Decoteau v. Raemisch*, 2016 WL 8416757, at *1 & *9 (D. Colo. July 6, 2016); *Duvall v. O'Malley*, 2016 WL 3523682, at *1 & *14 (D. Md. June 28, 2016); *Scott v. Clarke*, 2016 WL 452164, at *2 & *18 (W.D. Va. Feb. 5, 2016); *Riker v. Gibbons*, 2010 WL 4366012, at *1 & *8 (D. Nev. Oct. 28, 2010).

Moreover, the addition of a class of plaintiffs is also easily analogized to the intervention of a party. Even if some class members in this case could be considered as non-prisoners (but see above), a non-prisoner that intervenes in a lawsuit filed by a prisoner is still subject to the PLRA, including the PLRA's limitations on attorney's fees. *Montcalm Pub. Corp. v. Virginia*, 199 F.3d 168, 171-72 (4th Cir. 1999).

**PLRA's attorney's fees limitation applies.** To whatever extent that the PLRA's attorney's fees limitation may apply less broadly than the other provisions of § 1997e, that limitation still applies here because this is an action brought by prisoners (whether class representatives or class members) who are "confined to [a] jail, prison, or other correctional facility." § 1997e(d)(1).

**PLRA applies to cases challenging parole procedures.** The PLRA also applies to cases, like this one, that challenge the constitutionality of parole procedures. *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014) ("A challenge to parole procedures is a civil action with respect to prison conditions under the PLRA"); *Castano v. Neb. Dep't of Corr.*, 201 F.3d 1023, 1024-25 (8th Cir. 2000) (prisoners' claim that failure to provide interpreters at disciplinary hearings and at institutional programs that bear on eligibility for parole is a claim regarding prison conditions). *See also Robbins v. Chronister*, 435 F.3d 1238, 1244 (10th Cir. 2006) (en banc) (PLRA attorney's fees restriction applies to all prisoner civil rights claims, including those arising before incarceration); *Jackson v. State Bd. of Pardons and Paroles*, 331 F.3d 790, 796 (11th Cir. 2003)

(PLRA applies to all lawsuits brought by prisoners and is not restricted to lawsuits challenging prison conditions).

## APPLICATION OF PLRA'S ATTORNEY'S FEES LIMITATION IN THIS CASE

The PLRA limits an award of attorney's fees to an hourly rate no greater than 150 percent of the hourly rate established under 18 U.S.C. § 3006A for payment of court-appointed counsel. § 1997e(d)(3). The hourly rates established under § 3006A can be found in the Guide to Judiciary Policy, Vol. 7: Defender Services, Part A, Guidelines for Administering the CJA and Related Statutes, Chapter 2: Appointment and Payment of Counsel (p. 19, pdf p. 22) ( chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.uscourts.gov/sites/default/files/2025-01/guide-vol07a-2.pdf ). These rates and resulting highest authorized PLRA rate for the years at issue in this case are:

| Time Period | Hourly Attorney Rate Authorized under 18 U.S.C. § 3006A. | Highest Authorized PLRA Hourly Rate (150 % of § 3006A Rate) |
|---|---|---|
| 01/01/2016 to 05/04/2017 | $129.00 | $193.50 |
| 05/05/2017 to 03/22/2018 | $132.00 | $198.00 |
| 03/23/2018 to 02/14/2019 | $140.00 | $210.00 |
| 02/15/2019 to 12/31/2019 | $148.00 | $222.00 |
| 01/01/2020 to 12/31/2020 | $152.00 | $228.00 |
| 01/01/2021 to 12/31/2021 | $155.00 | $232.50 |
| 01/01/2022 to 12/31/2022 | $158.00 | $237.00 |
| 01/01/2023 to 12/31/2023 | $164.00 | $246.00 |
| 01/01/2024 to 12/31/2024 | $172.00 | $258.00 |
| 01/01/2025 to present | $175.00 | $262.50 |

Under the PLRA, the hourly rate in the column on the right is the most that Plaintiffs' lawyers can claim for their hourly fee. *See Brown v. Precythe*, 2020 WL 1527160, *3 (W.D. Mo. Mar. 30, 2020). Fees are calculated by multiplying the PLRA rate for each time period shown above by the hours worked in that time period and then adding the totals for each of the time periods. *See id.* at *7.

Plaintiffs' lawyers claimed the following hours for their time on this case from January 1, 2024, to January 22, 2025:

| Attorneys' Fees Incurred Between January 1, 2024-January 22, 2025 ||||||
|---|---|---|---|---|---|
| *Staff* | *Title* | Hours | Hourly Rate || Fees/Person ||
| Amy Breihan | Co-Director | 37.5 | $ | 450.00 | $ | 16,875.00 |
| Megan Crane | Co-Director | 12.5 | $ | 450.00 | $ | 5,625.00 |
| Shubra Ohri | Senior Counsel | 5 | $ | 400.00 | $ | 2,000.00 |
| Susie Lake | Attorney | 15.5 | $ | 350.00 | $ | 5,425.00 |
| Cynthia West | Senior Paralegal | 12.5 | $ | 250.00 | *written off* ||

|   |   |   |
|---|---|---|
| Total attorneys' fees | $ | 29,925.00 |
| Expenses | $ | 507.13 |
| **TOTAL** | **$** | **30,432.13** |

E-Mail of Amy Breihan to Court, dated January 24, 2025, attached here to as Exhibit B. These are the hours and rates on which the Court based its award of attorney's fees and costs on page 4 in its Order and Judgment of January 28, 2025.

Defendants did not object to the hours claimed or the expenses, but do object to the hourly rate claimed and awarded. Ex. B. Under § 1997e(d)(3), Plaintiffs' lawyers rates should have been limited to 150 percent of the hourly rates established under 18 U.S.C. § 3006A as set out above. All of the attorney's fees Plaintiffs' lawyers claimed for work done from January 1, 2024, to January 22, 2025, were expended in 2024. See Plaintiffs' lawyers Time Entries Between January 1, 2024-January 22, 2025, attached hereto as Exhibit C. Thus, Plaintiffs' lawyers' fees for this time period should have been limited to the following:

| Amy Breihan | 37.5 | $258.00 | $9,675.00 |
|---|---|---|---|
| Megan Crane | 12.5 | $258.00 | $3,225.00 |
| Shubra Ohri | 5.0 | $258.00 | $1,290.00 |
| Susie Lake | 15.5 | $258.00 | $3,999.00 |
| **Total Hours** | **70.5** | **Total Fees** | **$18,189.00** |

Additionally, based on the showing above that the PLRA's limitations on attorney's fees

apply in this case, Defendants' ask the Court to reconsider its earlier award of attorney's fees in its Order of January 30, 2024 (Doc. 383), and limit those fees to the applicable hourly restrictions called for by § 1997e(d)(3) as shown above. The following tables reflect all the hours the Court awarded in its January 30, 2024 Order, but applies the PLRA's hourly rate limitations:

### Amy Breihan

| Time Period | PLRA Authorized Hourly Rate | Reasonably Expended Hours | Total Fees |
|---|---|---|---|
| 03/23/2018 to 02/14/2019 | $210.00 | 195.79 | $41,115.90 |
| 02/15/2019 to 12/31/2019 | $222.00 | 82.32 | $18,275.04 |
| 01/01/2020 to 12/31/2020 | $228.00 | 170.38 | $38,846.64 |
| 01/01/2021 to 12/31/2021 | $232.50 | 65.93 | $15,328.73 |
| 01/01/2022 to 12/31/2022 | $237.00 | 0 | $0 |
| 01/01/2023 to 12/31/2023 | $246.00 | 4.75 | $1,168.50 |
| | Totals | 519.17 | $114,734.81 |

### Megan Crane

| Time Period | PLRA Authorized Hourly Rate | Reasonably Expended Hours | Total Fees |
|---|---|---|---|
| 03/23/2018 to 02/14/2019 | $210.00 | 28.67 | $6,020.70 |
| 02/15/2019 to 12/31/2019 | $222.00 | 42.24 | $9,377.28 |
| 01/01/2020 to 12/31/2020 | $228.00 | 38.24 | $8,718.72 |
| | Totals | 109.15 | $24,116.70 |

### Mae Quinn

| Time Period | PLRA Authorized Hourly Rate | Reasonably Expended Hours | Total Fees |
|---|---|---|---|
| 01/01/2016 to 05/04/2017 | $193.50 | 12.00 | $2,322.00 |
| 05/05/2017 to 03/22/2018 | $198.00 | 66.75 | $13,216.50 |
| | Total | 78.75 | $15,538.50 |

### Pat Mobley

| Time Period | PLRA Authorized Hourly Rate | Reasonably Expended Hours | Total Fees |
|---|---|---|---|
| 01/01/2020 to 12/31/2020 | $228.00 | 16.16 | $3,684.48 |

| | Shaleen Morales | | |
|---|---|---|---|
| Time Period | PLRA Authorized Hourly Rate | Reasonably Expended Hours | Total Fees |
| 03/23/2018 to 02/14/2019 | $210.00 | 69.09 | $14,508.90 |

**Total Fees, All Lawyers, through end of 2023:**     $172,583.39

## CONCLUSION

For the reasons discussed above, Plaintiffs' attorney's fees from 2024 to 2025 awarded by this Court's Order and Judgment of January 28, 2025 (Doc. 404) should be reduced to $18,189.00 and the Plaintiffs' attorney's fees from 2016 to 2023 awarded in this Court's Order of January 30, 2024 (Doc. 383) should be reduced to $172,583.39.

WHEREFORE, Defendants pray this Court to limit Plaintiffs' hourly rate to that allowed under 42 U.S.C. 1997e(d)(3) and to award attorney's fees as urged above; further, given the ambiguity as to which Rule applies to this motion, Defendants pray this Court to enter an order under Rule 58 by February 26, 2025, that extends the time to appeal in this case until 30 days after the decision on this motion.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

/s/ *Michael Pritchett*
Jeremiah J. Morgan, Mo. Bar No. 50387
Deputy Attorney General – Civil
Michael Pritchett, Mo. Bar No. 33848
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
Telephone:  (573) 751-1800 (Morgan)
            (573) 751-8864 (Pritchett)
Facsimile:  (573) 751-0774 (Morgan)
            (573) 751-9456 (Pritchett)
E-Mail: Jeremiah.Morgan@ago.mo.gov
        Michael.Pritchett@ago.mo.gov

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2025, a true and correct copy of the foregoing was electronically filed using the Court's online case filing system, which will send notice to all counsel of record.

/s/ *Michael Pritchett*
Counsel for Defendants